| **UNITED STATES BANKRUPTCY COURT**<br>_____ District of _____ | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>_See Exhibit D on page 2 of this form._<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check<br>this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12        ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                              Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or<br>against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer        ☐ Debts are<br>debts, defined in 11 U.S.C.              primarily<br>§ 101(8) as "incurred by an           business debts.<br>individual primarily for a<br>personal, family, or<br>household purpose." |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,490,925 (_amount subject to adjustment<br>on 4/01/16 and every three years thereafter_).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | | | | | | | | | **THIS SPACE IS FOR<br>COURT USE ONLY** |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | | | | | | | | | |

**Estimated Number of Creditors**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)       (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):

| Signatures |
|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)

   _____
   Printed Name of Attorney for Debtor(s)

   _____
   Firm Name

   _____

   _____
   Address

   _____
   Telephone Number

   _____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   _____
   Printed Name and title, if any, of Bankruptcy Petition Preparer

   _____
   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

   _____
   Address

X _____
   Signature

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## Annex 1

SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code.  Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| DEBTOR | HONG KONG TAX I.D. NUMBER (IF APPLICABLE) |
|---|---|
| Nautilus Holdings No. 2 Limited | N/A |
| Nautilus Holdings Limited | N/A |
| Golden Knighthead Limited | 17/37826376 |
| Metropolitan Harbour Limited | 17/37837969 |
| Able Challenger Limited | 22/37748877 |
| Magic Peninsula Limited | 17/37460950 |
| Metropolitan Vitality Limited | 17/37749019 |
| Superior Integrity Limited | 17/37460934 |
| Charming Energetic Limited | 17/38210936 |
| Dynamic Continental Limited | 17/38210928 |
| Perpetual Joy Limited | 22/38210897 |
| Regal Stone Limited | 22/37913636 |
| Vivid Mind Limited | 17/37837935 |
| Earlstown Limited | 22/37171898 |
| Findhorn Osprey Limited | 22/37168075 |
| Floral Peninsula Limited | 22/37154549 |
| Resplendent Spirit Limited | 22/37168114 |
| Miltons Way Limited | 22/37606180 |
| Nautilus Shipholdings No. 1 Limited | N/A |
| Nautilus Shipholdings No. 2 Limited | N/A |
| Nautilus Shipholdings No. 3 Limited | N/A |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :    Chapter 11
                                                      :
NAUTILUS HOLDINGS LIMITED,                            :    Case No. 14-[ _____ ](RDD)
                                                      :
                                                      :
                          Debtor.                     :    (Motion for Joint Administration Pending)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT OF
## NAUTILUS HOLDINGS LIMITED

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of
Bankruptcy Procedure, the Debtor submits the following information:

| Name and Address of Corporate Equity Holders – Class B | Interest |
|---|---|
| Reminiscent Ventures S.A.<br>80 Broad Street<br>Monrovia, Liberia | 39.92% |

| Name and Address of Corporate Equity Holders – Class C | Interest |
|---|---|
| NHL Investors (MD), Ltd.<br>Walker House<br>87 Mary Street<br>George Town<br>Grand Cayman KY2-9001<br>Cayman Islands | 16.19% |
| NHL Investors (ME), Ltd.<br>Walker House<br>87 Mary Street<br>George Town<br>Grand Cayman KY2-9001<br>Cayman Islands | 13.85% |

There are no additional corporations that own 10% ot'more of any class of the
Debtors' equity interests.

## DECLARATION REGARDING
## CORPORATE OWNERSHIP STATEMENT

I, Andreas Papathomas, Chief Executive Officer of Nautilus Holdings Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:    June 23, 2014

By:    */s/ Andreas Papathomas*
Andreas Papathomas
Chief Executive Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
NAUTILUS HOLDINGS LIMITED,                             :    Case No. 14-[_____](RDD)
                                                       :
                                                       :
                  Debtor.                              :    (Motion for Joint Administration Pending)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**LIST OF EQUITY SECURITY HOLDERS OF
NAUTILUS HOLDINGS LIMITED**

In accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy
Procedure, the Debtor submits the following information:

| Name and Address of Equity Holders – Class A | Interest |
|---|---|
| Reminiscent Ventures S.A.<br>80 Broad Street<br>Monrovia, Liberia | 9.98% |

| Name and Address of Equity Holders – Class B | Interest |
|---|---|
| Reminiscent Ventures S.A.<br>80 Broad Street<br>Monrovia, Liberia | 39.92% |

| Name and Address of Equity Holders – Class C | Interest |
|---|---|
| NHL Investors (MD), Ltd.<br>Walker House<br>87 Mary Street<br>George Town<br>Grand Cayman KY2-9001<br>Cayman Islands | 16.19% |
| NHL Investors (ME), Ltd.<br>Walker House<br>87 Mary Street<br>George Town<br>Grand Cayman KY2-9001<br>Cayman Islands | 13.85% |
| Eton Park Master Fund, Ltd.<br>CITCO Fund Services (Cayman Islands) Ltd.<br>89 Nexus Way<br>Camana Bay<br>West Bay Road<br>Grand Cayman KY1-1205 | 8.06% |

| | |
|---|---|
| Cayman Islands | |
| ELQ Investors II Ltd.<br>Peterborough Court<br>133 Fleet Street<br>London EC4A 2BB<br>United Kingdom | 8.03% |
| Eton Park Fund, L.P.<br>c/o National Corporate Research, Ltd.<br>615 South DuPont Highway<br>County of Kent<br>Dover<br>19901 | 3.97% |

**DECLARATION REGARDING
LIST OF EQUITY HOLDERS**

I, Andreas Papathomas, Chief Executive Officer of Nautilus Holdings Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:   June 23, 2014

By:   _/s/ Andreas Papathomas_
      Andreas Papathomas
      Chief Executive Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :

In re:                              :    Chapter 11
                                            :

NAUTILUS HOLDINGS LIMITED,      :    Case No. 14-[ _____ ] (RDD)
                                            :

                                            :
                 Debtor.              :    (Motion for Joint Administration Pending)
                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**CONSOLIDATED LIST OF CREDITORS
HOLDING 30 LARGEST UNSECURED CLAIMS**

         This list contains creditors holding the thirty (30) largest unsecured claims against the above-captioned debtor and certain of its affiliates that have commenced chapter 11 cases in this Court (collectively, the "Debtors") as of approximately June 23, 2014.  This list has been prepared on a consolidated basis, based upon the books and records of the Debtors.  The information presented in the list shall not constitute any admission by, nor is it binding on, the Debtors.

         The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101.  In addition, this list does not include any secured creditors where the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

| Creditor Name | Creditor Address | Mgmt[1] | Nature of Debt | Contingent, Unliquidated, Disputed or Subject to Set Off | Unsecured Amount |
|---|---|---|---|---|---|
| 1. Associated Shipbroking S.A.M. | Gildo Pastor Center - Block C 4.20 7 rue du Gabian, Fontvieille MC 98000 Monaco FAX: (+377) 92 05 75 95 | SY | BROKER | | $1,023,687 |

---

[1]  A management company, as agent for the Debtors, generally pays the amounts owed to the Debtors' creditors, as indicated below. The Debtors currently have three management companies that act as agents for certain of the Debtors. They are: AE - Anglo-Eastern Ship Management; SY - Synergy Management Services Limited; and UV - UNIVAN Ship Management Limited.

| | | | | | |
|---|---|---|---|---|---|
| 2. UNIVAN Ship Management Limited | 18 Whitfield Road North Point Hong Kong, China FAX: (+6087) 429179 | SY | TECH MGR | Y | $557,283 [2] |
| 3. Anglo-Eastern Ship Management | 23rd Floor, 248 Queens Road Wanchai Hong Kong, China FAX: (+852) 2863-6422 | SY | TECH MGR | Y | $447,593 [2] |
| 4. Medpool Limited | 1-3 Spatharikou Street Mesa Yeitonia 4003 Limassol, Cyprus FAX: (+357) 25-823248 | SY | TRADE | | $275,247 |
| 5. Hyundai Heavy Industries Co Ltd | 1 Cheonha-Dong Dong ku Ulsan, South Korea FAX: (+82) 52-202-9062 | AE | TRADE | | $132,882 [3] |
| 6. Marsh Brokers Ltd | 1 Michael Michaelides Steet 3030 Limassol, Cyprus FAX: (+357) 25-355-869 | SY | TRADE | | $97,000 |
| 7. Chevron Marine Products LLC | 1500 Louisiana Street Houston, TX 77002 USA FAX: +1-914-285-7340 | SY | TRADE | | $57,482 |
| 8. Daihatsu Diesel East Japan | 2-1-13 Higashiueno, Taito-ku Tokyo, Japan FAX: +81-6-6454-2750 | AE | TRADE | | $50,152 [3] |
| 9. Fairwind Maritime Investments Company Limited | Office 20 2/6 Observatorniy Lane Odessa, Ukraine FAX: +380487373076 | UV | TRADE | | $42,076 [3] |
| 10. GEA Westfalia Separator (China) Ltd | 3 Lower Thames Street London, EC3R6HE United Kingdom FAX: +86 10 6581 4610 | UV | TRADE | | $40,156 [3] |
| 11. Mitsui Engineering and Shipbuilding | 2 International Business Park Singapore, 609930 FAX: (+65) 6773-3677 | AE | TRADE | | $38,877 [3] |

---

[2]    The Debtors' technical managers have access to cash on hand and in bank accounts to offset these amounts. Further, the amounts listed herein as owed to the technical managers may include certain amounts owed to trade creditors that are independently listed on this schedule, as the technical managers pay such amounts to the trade creditors as agent for the Debtors. Includes only pre-petition crew costs.

[3]    These amounts reflect Technical Managers' creditor amounts.

| | | | | | |
|---|---|---|---|---|---|
| 12. Wartsila Cyprus Ltd. | 8 Sinergatismou Street<br>3010 Limassol, Cyprus<br>FAX: (+357) 25-812-195 | SY | TRADE | | $30,376 |
| 13. Maxcorr Asia Pacific Pte Ltd. | No.22 Pioneer Crescent #02-07<br>West Park Biz Central<br>Singapore , 628556<br>FAX: (+65) 6265 1411 | UV | TRADE | | $29,084 [3] |
| 14. Wilhelmsen Ships Service Ltd.<br>(Hong Kong) | 6 Hallimestarinkatu<br>Kaarina, 20780 Finland<br>FAX: (+47) 67 58 45 70 | UV | TRADE | | $28,642 [3] |
| 15. MAN Diesel & Turbo | 41 Teglhomsgade<br>Copenhagen, DK2450 Denmark<br>FAX: (+45) 33851030 | AE | TRADE | | $28,353 [3] |
| 16. American Bureau of shipping (China)<br>Limited | 5th Floor, Silver Tower, No. 85<br>Taoyuan Road, Luwan District<br>Shanghai, 200021 P.R. China<br>FAX: +86-21-6360-5391 | UV | TRADE | | $28,166 [3] |
| 17. Korea Marine Service Co., Ltd | 1187-5, Choryang- 3 Dong<br>Busan, 601-838 South Korea<br>FAX: (032) 764-8217 | UV | TRADE | | $27,513 [3] |
| 18. Hyundai ETS Co., Ltd. | 507-5, Daejeo-1Dong, Gangseo-Gu<br>Gangseo-gu<br>Busan, 614-040 Korea FAX: +82-<br>52-202-2347 | UV | TRADE | | $26,450 [3] |
| 19. RMS Marine Service Company Ltd. | No.365, Gaodong No. 2 Road<br>Pudong District<br>Shanghai, 200137 China<br>FAX: +86-21-65380899 | AE | TRADE | | $26,053 [3] |
| 20. Jing Ming Engineering Enterprises | 43, Lane 9, Shin Sheng Rd<br>Chien Chen Dist<br>Kaohsiung, 80672 Taiwan<br>FAX: +886-7-815-4259 | AE | TRADE | | $25,192 [3] |
| 21. Hanil-Fuji (Korea) Co Ltd. | 8F Dongsung 1, Bldg 1145-11<br>Busan, 601-836 South Korea<br>FAX: 82-51-631-7735 | AE | TRADE | | $25,110 [3] |
| 22. HY Shipping & Trading Co. Ltd. | Room 603B , No.9, Lane 466<br>Tian Bao Road Jian Bang Building<br>Shanghai, 200086 P.R. China<br>FAX: +86 21 35304658 | SY | TRADE | | $25,000 |
| 23. Con-lash Supplies Pte Ltd. | 2 Tuas West Street<br>Singapore , 637450 Singapore<br>FAX: +65 6863 6428 | UV | TRADE | | $22,971 [3] |

| | | | | | |
|---|---|---|---|---|---|
| 24. Index-Cool Marine & Industry Pte. """"Ltd. | No.6, Jalan Pendamar Cempaka Emas Industria Estate Pandamaran, Selangor Darul Ehsan, 42000 MY FAX: (+65) 6288 8605 | UV | TRADE | | $21,216 [3] |
| 25. Jinsan Marine Management Co. Ltd. | 162-1, Jangsangpo-Dong Nam-Gu Ulsan, 680060 South Korea FAX: +82-52-228-7890 | UV | TRADE | | $17,275 [3] |
| 26. Neko Ship Supply BV Rotterdam | Klompenmakerstraat 71 3194 DD Hoogvliet, The Netherlands FAX: (+31) 10 800 5500 | UV | TRADE | | $16,604 [3] |
| 27. Drew Marine | 100 South Jefferson Road Whippany, NJ 07981 USA FAX: +1-973-263-4485 | AE | TRADE | | $16,574 [3] |
| 28. Fuji Trading (S) Pte Ltd | #24 Chia Ping Road Singapore, 619976 Singapore FAX: (+65) 6265-0443 | AE | TRADE | | $16,532 [3] |
| 29. Leistritz Trading Limited | Rm. 902, No.400, Zhejiang Zhong Rd. Shanghai, 200001 China FAX: +86-21-6352 3138 | UV | TRADE | | $15,377 [3] |
| 30. Videotel Marine Intl Asia Ltd. | Room 401, Yu Sung Boon Building 107-111 Des Voeux Road Hong Kong, China FAX: +44 (0) 20 7299 1818 | UV | TRADE | | $15,039 [3] |

## DECLARATION REGARDING
## CONSOLIDATED LIST OF CREDITORS

I, Andreas Papathomas, Chief Executive Officer of Nautilus Holdings Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:  June 23, 2014

By:    _/s/ Andreas Papathomas_
       Andreas Papathomas
       Chief Executive Officer

**NAUTILUS HOLDINGS LIMITED**

<u>Certificate</u>

I, Andreas Papathomas, Chief Executive Officer of Nautilus Holdings Limited, a company incorporated and existing under the laws of Bermuda (the "<u>Company</u>"), do hereby certify as follows:

Attached hereto as <u>Annex A</u> is a true, correct, and complete copy of resolutions duly adopted by the board of directors (the "<u>Board</u>") of the Company on June 24, 2014 (the "<u>Resolutions</u>"), and such Resolutions have not been modified or rescinded and are in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered as of June 23, 2014.

NAUTILUS HOLDINGS LIMITED


<u>*/s/ Andreas Papathomas*</u>
Andreas Papathomas
Chief Executive Officer

**Nautilus Holdings Limited**

**BOARD OF DIRECTORS**
**UNANIMOUS WRITTEN RESOLUTIONS**

The undersigned, being all of the directors (the "Directors") of Nautilus Holdings Limited, a company incorporated in the Islands of Bermuda (the "Company"), HEREBY ADOPT the resolutions set out below pursuant to bye-law 28.13 of the Company's bye-laws ("Bye-Laws") with the same force and effect as though taken and adopted at a duly convened meeting of the Directors. The effective date of the resolutions is the date when the last Director to sign the resolutions signs the same.

1.   **DIRECTORS' INTEREST & RESTRICTIONS**

   **WHEREAS** each of the Directors hereby confirms by execution of these resolutions that he has previously fully and fairly declared his respective interests (if any) in the matters referred to in these resolutions in accordance with and as required by bye-law 25 of the Bye-Laws and the Companies Act 1981 of Bermuda (the "Act") and it is hereby noted that pursuant to the Bye-Laws and the Act, having made such declarations, the Directors would be entitled to vote and be counted in a quorum in respect of the relevant matters;

   **WHEREAS** each of the Directors hereby confirms by execution of these resolutions that no restrictions have been placed on the powers of the Board of Directors of the Company (the "Board") to manage the business of the Company or on the ability of the Board to exercise all the powers of the Company, in accordance with the terms of the resolutions contained herein;

2.   **CHAPTER 11 FILING**

   **WHEREAS**, due to current market conditions, the financial position of the Company and its subsidiaries (the "Group") have deteriorated, leading to immediate difficulties for the Group; and

   **WHEREAS**, each of the Directors have carefully considered all interests which could be relevant for the Group in respect of the resolutions contained herein, taking into account all relevant facts and circumstances;

   **NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each of the Directors it is advisable and in the best interests of the Company, each of its subsidiaries, its shareholders, its creditors and other interested parties that the Company and each of its subsidiaries file a petition for relief (each, a "Petition", and the Company's Petition, the "NHL Petition") and commence a case (each, a "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")(the Company's Chapter 11 Case, the "NHL Chapter 11 Case"); and

   **FURTHER RESOLVED**, that the filing of the NHL Petition, the commencement of the NHL Chapter 11 Case and the filing of a Petition and the commencement of a

Chapter 11 Case by each of the Company's subsidiaries be, and it hereby is, approved, adopted and authorized in all respects; and

**FURTHER RESOLVED**, that each of the Directors and each other officer of the Company (each of the Directors and each other officer of the Company, an "Authorized Officer" and, collectively, the "Authorized Officers") be, and each of them individually hereby is, authorized, empowered, and directed in the name and on behalf of the Company, to take any and all such actions as any such Authorized Officer, after consultation with counsel, deems necessary, desirable or advisable, to execute and verify the NHL Petition in a court of competent jurisdiction in the United States and to cause the same to be filed in any district and venue as any such Authorized Officer executing the NHL Petition in the name and on behalf of the Company shall determine; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized in the name and on behalf of the Company, to grant a special power of attorney (under hand or as a deed (including, if so required, by witnessing the affixation of the Company's seal to such special power of attorney) or acknowledged in the absolute discretion of the signatory Authorized Officer) to one or more other persons as may be deemed necessary, proper, appropriate or desirable by such Authorized Officer in his or her discretion (each, individually an "Attorney-in-Fact" and, together with the Authorized Officers, collectively, the "Authorized Persons"), each one acting singly to effect the purposes and intent of any and all of the resolutions contained herein, without the necessity of the signature or attestation of any other officer of the Company; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from March 2014, authorized and directed to retain, in the name and, on behalf of, the Company, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities in any jurisdiction (the "Firm") to render legal services to, and to represent the Company in, and in connection with the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Firm; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from 1 March 2014, authorized and directed to retain, in the name and on behalf of the Company, the firm of AP Services, LLC, and its affiliated entities to act as financial advisor for the Company (the "Financial Advisor") in connection with the respective Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Financial Advisor; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the, name, and on behalf, of the Company, to execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto) and file the NHL Petition and all other petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers, and to take any and all such other and further actions which the Authorized Person or the Company's legal counsel may deem necessary, proper, appropriate or desirable for the NHL Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from other legal counsel, accountants, financial advisors or other

professionals or advisors which any Authorized Person or the Company's legal counsel in his or its absolute discretion deem necessary, proper, appropriate or desirable in connection with the NHL Chapter 11 Case, on such terms as any Authorized Person shall in his absolute discretion approve; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to give, make, sign, negotiate, execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), deliver, certify, file and/or record and perform (or to cause the giving, making, signing, negotiation, execution (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), delivery, certification, filing and/or recordation and performance on behalf of the Company of such agreements, notes, deeds, letters, notices, acknowledgements, instructions, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates and/or other documents (whether of a like nature or not), and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the sole opinion and absolute discretion of such Authorized Person appear to be or become necessary, proper, appropriate or desirable in connection with the NHL Petition and/or the NHL Chapter 11 Case or any other matters contemplated by these resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions, with the authority of any of the Authorized Persons with respect thereto to be evidenced by the taking of such action; and

**FURTHER RESOLVED**, that it is advisable and in the best interests of the Company, its shareholders, its creditors and other interested parties, as a direct parent of each of its subsidiaries, for the Company to cause each of its subsidiaries to execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto) and deliver any documents, agreements and certificates in connection with each Chapter 11 Case authorized by the foregoing resolutions, and to perform their respective obligations and carry out their respective duties thereunder and the filings contemplated thereby (collectively, the "<u>Subsidiary Actions</u>") and that each such subsidiary is hereby authorized, approved and directed to enter into and perform the Subsidiary Actions in such manner as may be authorized and approved by the board of directors (or similar governing body) of each such subsidiary and this resolution shall be treated for all purposes as the consent of the Company to the taking of the Subsidiary Actions by each of the Company's subsidiaries and a record of this consent shall be provided by the Company to each of its subsidiaries; and

**FURTHER RESOLVED**, that each of the Authorized Officers and any of them be, and hereby is, authorized in the name and on behalf of the Company as an authorized signatory of the Company as the sole member of each of its subsidiaries, acting singly to take any and all actions to effect the purposes and intent of any and all of the resolutions contained herein, without the necessity of the signature or attestation of any other Authorized Officer of the Company; and

**FURTHER RESOLVED**, that any and all past lawful actions heretofore taken by any Authorized Person in the name, or on behalf, of the Company in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, adopted, ratified, confirmed and approved as the acts and deeds of the Company; and

**FURTHER RESOLVED**, that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person's execution of any agreement, note, deed, letter, notice, acknowledgement, instruction, instrument, motion, affidavit, application, certificate or other document (whether of a like nature or not), and the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and

**FURTHER RESOLVED**, that the Company shall indemnify each Authorized Person for all that he or she may lawfully do in accordance with these resolutions; and

**FURTHER RESOLVED**, that a copy of these resolutions, or any abstract thereof, be filed with the minutes of proceedings of the Company.

**SIGNATURE PAGE FOLLOWS**



**Nautilus Holdings Limited**
**BOARD OF DIRECTORS**
**UNANIMOUS WRITTEN RESOLUTIONS**
Re: Chapter 11 Filing
Signature Page

The actions taken by these Unanimous Written Resolutions of the Board shall have the same force and effect as if taken at a meeting of the Board, duly called and constituted, pursuant to the Bye-Laws and under the laws of Bermuda. These Unanimous Written Resolutions may be executed in one or more counterparts, including email and facsimile transmissions, and all such signed counterparts when taken together shall constitute one and the same resolutions, effective on the date when the last Director's signature is affixed thereto.

**Directors:**

_____    Date: _____

Alastair Hugh Farley                    22 June 2014


_____    _____

Andreas Papathomas

1170094-LONSR01A - MSW

**Nautilus Holdings Limited**

**BOARD OF DIRECTORS
UNANIMOUS WRITTEN RESOLUTIONS**

The undersigned, being all of the directors (the "Directors") of Nautilus Holdings Limited, a company incorporated in the Islands of Bermuda (the "Company"), HEREBY ADOPT the resolutions set out below pursuant to bye-law 28.13 of the Company's bye-laws ("Bye-Laws") with the same force and effect as though taken and adopted at a duly convened meeting of the Directors. The effective date of the resolutions is the date when the last Director to sign the resolutions signs the same.

1.   **DIRECTORS' INTEREST & RESTRICTIONS**

    **WHEREAS** each of the Directors hereby confirms by execution of these resolutions that he has previously fully and fairly declared his respective interests (if any) in the matters referred to in these resolutions in accordance with and as required by bye-law 25 of the Bye-Laws and the Companies Act 1981 of Bermuda (the "Act") and it is hereby noted that pursuant to the Bye-Laws and the Act, having made such declarations, the Directors would be entitled to vote and be counted in a quorum in respect of the relevant matters;

    **WHEREAS** each of the Directors hereby confirms by execution of these resolutions that no restrictions have been placed on the powers of the Board of Directors of the Company (the "Board") to manage the business of the Company or on the ability of the Board to exercise all the powers of the Company, in accordance with the terms of the resolutions contained herein;

2.   **CHAPTER 11 FILING**

    **WHEREAS**, due to current market conditions, the financial position of the Company and its subsidiaries (the "Group") have deteriorated, leading to immediate difficulties for the Group; and

    **WHEREAS**, each of the Directors have carefully considered all interests which could be relevant for the Group in respect of the resolutions contained herein, taking into account all relevant facts and circumstances;

    **NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each of the Directors it is advisable and in the best interests of the Company, each of its subsidiaries, its shareholders, its creditors and other interested parties that the Company and each of its subsidiaries file a petition for relief (each, a "Petition", and the Company's Petition, the "NHL Petition") and commence a case (each, a "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")(the Company's Chapter 11 Case, the "NHL Chapter 11 Case"); and

    **FURTHER RESOLVED**, that the filing of the NHL Petition, the commencement of the NHL Chapter 11 Case and the filing of a Petition and the commencement of a



Chapter 11 Case by each of the Company's subsidiaries be, and it hereby is, approved, adopted and authorized in all respects; and

**FURTHER RESOLVED**, that each of the Directors and each other officer of the Company (each of the Directors and each other officer of the Company, an "Authorized Officer" and, collectively, the "Authorized Officers") be, and each of them individually hereby is, authorized, empowered, and directed in the name and on behalf of the Company, to take any and all such actions as any such Authorized Officer, after consultation with counsel, deems necessary, desirable or advisable, to execute and verify the NHL Petition in a court of competent jurisdiction in the United States and to cause the same to be filed in any district and venue as any such Authorized Officer executing the NHL Petition in the name and on behalf of the Company shall determine; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized in the name and on behalf of the Company, to grant a special power of attorney (under hand or as a deed (including, if so required, by witnessing the affixation of the Company's seal to such special power of attorney) or acknowledged in the absolute discretion of the signatory Authorized Officer) to one or more other persons as may be deemed necessary, proper, appropriate or desirable by such Authorized Officer in his or her discretion (each, individually an "Attorney-in-Fact" and, together with the Authorized Officers, collectively, the "Authorized Persons"), each one acting singly to effect the purposes and intent of any and all of the resolutions contained herein, without the necessity of the signature or attestation of any other officer of the Company; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from March 2014, authorized and directed to retain, in the name and, on behalf, of the Company, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities in any jurisdiction (the "Firm") to render legal services to, and to represent the Company in, and in connection with the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Firm; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from 1 March 2014, authorized and directed to retain, in the name and on behalf of the Company, the firm of AP Services, LLC, and its affiliated entities to act as financial advisor for the Company (the "Financial Advisor") in connection with the respective Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Financial Advisor; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the name and, on behalf, of the Company, to execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto) and file the NHL Petition and all other petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers, and to take any and all such other and further actions which the Authorized Person or the Company's legal counsel may deem necessary, proper, appropriate or desirable for the NHL Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from other legal counsel, accountants, financial advisors or other



professionals or advisors which any Authorized Person or the Company's legal counsel in his or its absolute discretion deem necessary, proper, appropriate or desirable in connection with the NHL Chapter 11 Case, on such terms as any Authorized Person shall in his absolute discretion approve; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to give, make, sign, negotiate, execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), deliver, certify, file and/or record and perform (or to cause the giving, making, signing, negotiation, execution (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), delivery, certification, filing and/or recordation and performance on behalf of the Company of such agreements, notes, deeds, letters, notices, acknowledgements, instructions, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates and/or other documents (whether of a like nature or not), and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the sole opinion and absolute discretion of such Authorized Person appear to be or become necessary, proper, appropriate or desirable in connection with the NHL Petition and/or the NHL Chapter 11 Case or any other matters contemplated by these resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions, with the authority of any of the Authorized Persons with respect thereto to be evidenced by the taking of such action; and

**FURTHER RESOLVED**, that it is advisable and in the best interests of the Company, its shareholders, its creditors and other interested parties, as a direct parent of each of its subsidiaries, for the Company to cause each of its subsidiaries to execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto) and deliver any documents, agreements and certificates in connection with each Chapter 11 Case authorized by the foregoing resolutions, and to perform their respective obligations and carry out their respective duties thereunder and the filings contemplated thereby (collectively, the "Subsidiary Actions") and that each such subsidiary is hereby authorized, approved and directed to enter into and perform the Subsidiary Actions in such manner as may be authorized and approved by the board of directors (or similar governing body) of each such subsidiary and this resolution shall be treated for all purposes as the consent of the Company to the taking of the Subsidiary Actions by each of the Company's subsidiaries and a record of this consent shall be provided by the Company to each of its subsidiaries; and

**FURTHER RESOLVED**, that each of the Authorized Officers and any of them be, and hereby is, authorized in the name and on behalf of the Company as an authorized signatory of the Company as the sole member of each of its subsidiaries, acting singly to take any and all actions to effect the purposes and intent of any and all of the resolutions contained herein, without the necessity of the signature or attestation of any other Authorized Officer of the Company; and

**FURTHER RESOLVED**, that any and all past lawful actions heretofore taken by any Authorized Person in the name, or on behalf, of the Company in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, adopted, ratified, confirmed and approved as the acts and deeds of the Company; and



**FURTHER RESOLVED**, that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person's execution of any agreement, note, deed, letter, notice, acknowledgement, instruction, instrument, motion, affidavit, application, certificate or other document (whether of a like nature or not), and the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and

**FURTHER RESOLVED**, that the Company shall indemnify each Authorized Person for all that he or she may lawfully do in accordance with these resolutions; and

**FURTHER RESOLVED**, that a copy of these resolutions, or any abstract thereof, be filed with the minutes of proceedings of the Company.

**SIGNATURE PAGE FOLLOWS**



**Nautilus Holdings Limited**
**BOARD OF DIRECTORS**
**UNANIMOUS WRITTEN RESOLUTIONS**
Re: Chapter 11 Filing
Signature Page

The actions taken by these Unanimous Written Resolutions of the Board shall have the same force and effect as if taken at a meeting of the Board, duly called and constituted, pursuant to the Bye-Laws and under the laws of Bermuda.   These Unanimous Written Resolutions may be executed in one or more counterparts, including email and facsimile transmissions, and all such signed counterparts when taken together shall constitute one and the same resolutions, effective on the date when the last Director's signature is affixed thereto.

**Directors:**                                  **Date:**

_____          _____
Alastair Hugh Farley

_____          22 June 2014
Andreas Papathomas