SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Shana A. Elberg
Suzanne D.T. Lovett
Four Times Square
New York, New York 10036
(212) 735-3000

Proposed Counsel for Debtors and
 Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NAUTILUS HOLDINGS LIMITED, | : | Case No. 14-22885 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NAUTILUS HOLDINGS NO. 2 LIMITED, | : | Case No. 14-22884 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NAUTILUS SHIPHOLDINGS NO. 1 LIMITED, | : | Case No. 14-22902 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| NAUTILUS SHIPHOLDINGS NO. 2 LIMITED, | : | Case No. 14- 22903 (RDD) |
| | : | |
| Debtor. | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| NAUTILUS SHIPHOLDINGS NO. 3 LIMITED, | : | Case No. 14-22904 (RDD) |
| | : | |
| Debtor. | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| ABLE CHALLENGER LIMITED, | : | Case No. 14-22888 (RDD) |
| | : | |
| Debtor. | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| CHARMING ENERGETIC LIMITED, | : | Case No. 14-22892 (RDD) |
| | : | |
| Debtor. | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| DYNAMIC CONTINENTAL LIMITED, | : | Case No. 14-22893 (RDD) |
| | : | |
| Debtor. | : | |
| ------------------------------- x | | |

```
---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
EARLSTOWN LIMITED,                 :    Case No. 14-22897 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
FINDHORN OSPREY LIMITED,           :    Case No. 14-22898 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
FLORAL PENINSULA LIMITED,          :    Case No. 14-22899 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
GOLDEN KNIGHTHEAD LIMITED,         :    Case No. 14-22886 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
MAGIC PENINSULA LIMITED,           :    Case No. 14-22889 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
```

```
------------------------------ x
In re:                         :   Chapter 11
                               :
METROPOLITAN HARBOUR LIMITED,  :   Case No. 14-22887 (RDD)
                               :
         Debtor.               :
                               :
                               :
------------------------------ x
                               :
In re:                         :   Chapter 11
                               :
METROPOLITAN VITALITY LIMITED, :   Case No. 14-22890 (RDD)
                               :
         Debtor.               :
                               :
                               :
------------------------------ x
                               :
In re:                         :   Chapter 11
                               :
MILTONS WAY LIMITED,           :   Case No. 14-22901 (RDD)
                               :
         Debtor.               :
                               :
                               :
------------------------------ x
                               :
In re:                         :   Chapter 11
                               :
PERPETUAL JOY LIMITED,         :   Case No. 14-22894 (RDD)
                               :
         Debtor.               :
                               :
                               :
------------------------------ x
                               :
In re:                         :   Chapter 11
                               :
REGAL STONE LIMITED,           :   Case No. 14-22895 (RDD)
                               :
         Debtor.               :
                               :
                               :
------------------------------ x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
RESPLENDENT SPIRIT LIMITED,                                 :  Case No. 14-22900 (RDD)
                                                            :
            Debtor.                                         :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
SUPERIOR INTEGRITY LIMITED,                                 :  Case No. 14-22891 (RDD)
                                                            :
            Debtor.                                         :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
VIVID MIND LIMITED,                                         :  Case No. 14-22896 (RDD)
                                                            :
            Debtor.                                         :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION FOR ORDER (I) UNDER FED. R. BANKR. P. 1015(b)
DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND
(II) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1) AND
<u>FED. R. BANKR. P. 2002(n)</u>**

Nautilus Holdings Limited and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), hereby move (this "<u>Motion</u>") this Court for entry of an order, under section 342(c)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and (ii) waiving the requirement that the captions in these chapter 11 cases contain certain identifying information with respect to

5

each Debtor. In support of the Motion, the Debtors rely upon and incorporate by reference the first-day declaration (the "First-Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2002(n).

## BACKGROUND

3. The factual background regarding the Debtors is set forth in the First-Day Declaration.[1] On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankrutpcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases. As of the date hereof, no creditors' committee has been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Chapter 11 Cases for procedural purposes only and waiving the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

6

requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in these Chapter 11 Cases contain the tax identification number and address for each Debtor. Further, as an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose adding a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).

## BASIS FOR RELIEF

5.  Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Specifically, Reminiscent Ventures S.A. owns 100% of the equity interests of Nautilus Holdings No. 2 Limited and 49.9% of the equity interests of Nautilus Holdings Limited, both debtors and debtors in possession in these Chapter 11 Cases. Either Nautilus Holdings Limited or Nautilus Holdings No. 2 Limited is the direct or indirect parent of all of the other Debtors in these Chapter 11 Cases. Thus, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

6.  Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect several of the Debtors.

7. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in <u>each</u> of the Debtor's respective Chapter 11 Cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

8. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief sought herein is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate against which it allegedly has a claim or right.

9. In furtherance of the foregoing, the Debtors request that the official caption of the Chapter 11 Cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                 :
In re:                           :   Chapter 11
                                 :
NAUTILUS HOLDINGS LIMITED, et al.,:  Case No. 14-22885 (RDD)
                                 :
                                 :
         Debtors.                :   (Jointly Administered)
                                 :
-------------------------------- x
```

10. The Debtors submit that use of this simplified caption without full tax identification numbers and previous names will ensure a uniformity of pleading identification. The Debtors also propose to consolidate these Chapter 11 Cases under the chapter 11 case of

8

"Nautilus Holdings Limited" because of its recognizable name to the Debtors' creditor bodies at large and other parties in interest. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable). Moreover, the full tax identification numbers and previous names, if any, will be listed in the petitions for each Debtor, and such petitions are publicly available to parties, including on a website to be maintained by the Debtors' claims and noticing agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankrutpcy Rule 2002(n) have been satisfied.

11.  In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Chapter 11 Cases (except that of Nautilus Holdings Limited), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of Nautilus Holdings Limited (14-22885 (RDD)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-22885 (RDD) should be consulted for all matters affecting the above listed case."

12.  It would be far more practical and expedient for the administration of these Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in these Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

13.     Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Chapter 11 Cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these bankruptcy cases.  Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all matters before the Court.  Finally, joint administration will ease the burden on the United States Trustee (the "U.S. Trustee") in supervising these bankruptcy cases.

14.     Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices mailed in these Chapter 11 Cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these Chapter 11 Cases.  Including the Debtors' tax identification numbers and addresses on each caption would be unduly cumbersome, and may be confusing to parties in interest.  More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading they file and notice they mail a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).

15.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**NOTICE**

16.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors' material prepetition secured lenders; (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (d) the Internal Revenue Service; and (e) any

10

such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       June 23, 2014

                             SKADDEN, ARPS, SLATE, MEAGHER
                              &␣FLOM LLP

By:   <u>/s/ Jay M. Goffman</u>
       Jay M. Goffman
       Mark A. McDermott
       Shana A. Elberg
       Suzanne D.T. Lovett
       Four Times Square
       New York, New York 10036
       (212) 735-3000

       Proposed Counsel for Debtors and
        Debtors in Possession

**EXHIBIT A**

**Proposed Order**

14-22885-rdd    Doc 2    Filed 06/23/14    Entered 06/23/14 22:00:15    Main Document
Pg 13 of 20

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                :
In re:                              :     Chapter 11
                                :
NAUTILUS HOLDINGS LIMITED,   :     Case No. 14-22885 (RDD)
                                :
             Debtor.            :
                                :
---------------------------------- x
                                :
In re:                              :     Chapter 11
                                :
NAUTILUS HOLDINGS NO. 2 LIMITED, :     Case No. 14-22884 (RDD)
                                :
             Debtor.           :
                                :
---------------------------------- x
                                :
In re:                              :     Chapter 11
                                :
NAUTILUS SHIPHOLDINGS NO. 1     :     Case No. 14-22902 (RDD)
LIMITED,                            :
                                :
             Debtor.           :
                                :
---------------------------------- x
                                :
In re:                              :     Chapter 11
                                :
NAUTILUS SHIPHOLDINGS NO. 2     :     Case No. 14-22903 (RDD)
LIMITED,                            :
                                :
             Debtor.           :
                                :
---------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NAUTILUS SHIPHOLDINGS NO. 3 LIMITED, | : | Case No. 14-22904 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ABLE CHALLENGER LIMITED, | : | Case No. 14-22888 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CHARMING ENERGETIC LIMITED, | : | Case No. 14-22892 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DYNAMIC CONTINENTAL LIMITED, | : | Case No. 14-22893 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| EARLSTOWN LIMITED, | : | Case No. 14-22897 (RDD) |
| Debtor. | : | |

```
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
FINDHORN OSPREY LIMITED,        :   Case No. 14-22898 (RDD)
                                :
        Debtor.                 :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
FLORAL PENINSULA LIMITED,       :   Case No. 14-22899 (RDD)
                                :
        Debtor.                 :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
GOLDEN KNIGHTHEAD LIMITED,      :   Case No. 14-22886 (RDD)
                                :
        Debtor.                 :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
MAGIC PENINSULA LIMITED,        :   Case No. 14-22889 (RDD)
                                :
        Debtor.                 :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
METROPOLITAN HARBOUR LIMITED,   :   Case No. 14-22887 (RDD)
                                :
        Debtor.                 :
                                :
------------------------------- x
```

4

```
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
METROPOLITAN VITALITY LIMITED,  :   Case No. 14-22890 (RDD)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
MILTONS WAY LIMITED,            :   Case No. 14-22901 (RDD)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
PERPETUAL JOY LIMITED,          :   Case No. 14-22894 (RDD)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
REGAL STONE LIMITED,            :   Case No. 14-22895 (RDD)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
RESPLENDENT SPIRIT LIMITED,     :   Case No. 14-22900 (RDD)
                                :
            Debtor.             :
                                :
------------------------------- x
```

5

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SUPERIOR INTEGRITY LIMITED, | : | Case No. 14-22891 (RDD) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| VIVID MIND LIMITED, | : | Case No. 14-22896 (RDD) |
| Debtor. | : | |

**ORDER (I) UNDER FED. R. BANKR. P. 1015(b) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 2002(n)**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order") under section 342(c)(1) of the Bankruptcy Code, and Bankruptcy Rules 1015(b) and 2002(n), (i) directing the joint administration of the Debtors' separate Chapter 11 Cases for procedural purposes only and (ii) waiving the requirement that the captions in these Chapter 11 Cases contain certain identifying information with respect to each Debtor; and upon consideration of the First-Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First-Day Declaration.

6

estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases is consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting any substantive consolidation of any of the above-captioned Chapter 11 Cases.

4. The caption of the jointly administered cases shall read as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
In re:                                 :    Chapter 11
                                       :
NAUTILUS HOLDINGS LIMITED, et al.,     :    Case No. 14-22885 (RDD)
                                       :
                                       :
            Debtors.                   :    (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of Nautilus Holdings Limited, Case No. 14-22885 (RDD).

6. A docket entry shall be made in each of the Debtors' cases (other than the case of Nautilus Holdings Limited) substantially similar to the following:

7

"An order has been entered in this case consolidating this case with the case of Nautilus Holdings Limited (14-22885 (RDD)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-22885 (RDD) should be consulted for all matters affecting the above listed case."

7. The requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in these cases include the Debtors' tax identification numbers and other identifying information about the Debtors are waived. The Debtors shall include in all pleadings filed and each notice mailed by the Debtors a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).

8. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   White Plains, New York
         _____, 2014

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

8