**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York**

| | | |
|---|---|---|
| <u>**In re**</u> | ) | **Chapter 11** |
| | ) | |
| **NAUTILUS HOLDINGS LIMITED** | ) | **Case No: 14-22885** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Nautilus Holdings Limited**

**Case No: 14-22885**

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re: <u>**Nautilus Holdings Limited**</u>

| Case No. | <u>14-22885</u> |
|---|---|
| Chapter | <u>11</u> |

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

### AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 9 | $95,238,845 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 3 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 3 | | $232,994 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 4 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| **Total number of sheets of all Schedules** | | 23 | | | |

**Total Assets >** $95,238,845

**Total Liabilities >** $232,994

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

**General Notes**

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs" or collectively the "Schedules and Statements") filed by Nautilus Holdings Limited ("NHL") and 20 of its direct and indirect subsidiaries and affiliates (collectively, with NHL, the "Debtors" or "Nautilus"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. §521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. Reservation of Rights.  The Debtors have used reasonable efforts to ensure accuracy in attributing the information listed in the Schedules and SOFAs to the correct Debtor; however, subsequent information or discovery may result in material changes to the Schedules and SOFAs, and inadvertent errors, omissions or inaccuracies may exist.  The Debtors reserve all rights to amend or supplement their Schedules and SOFAs.   Listing a claim or a contract with a particular Debtor does not constitute an admission by such Debtor of the legal rights of the claimant or a waiver of the Debtors' right to disclaim such claim or contract as attributable to such Debtor.  The Debtors reserve the right to amend the Schedules and SOFAs, and to relist any contract or claim with another Debtor and/or to remove such contract or claim from the Schedules and SOFAs whether by amending the Schedules and SOFAs or in another appropriate filing.

2. Description of the Cases and "As Of" Information Date. On June 23, 2014 (the "Petition Date") the Debtors filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The cases have been consolidated for the purpose of joint administration under case number 14-22885 (RDD). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Each Debtor's fiscal year ends on December 31. All asset information, except where otherwise noted, is as of May 31, 2014. The liability information, except where otherwise noted, is as of the close of business on June 23, 2014.

3. Basis of Presentation.  For financial reporting purposes, the Debtors prepare standalone and consolidated financial statements that are provided to certain Lenders and that are audited annually. As of today, the Debtors have not finalized their annual reports for the year ending December 31, 2013. Unlike the consolidated financial statements contained therein, these Schedules and Statements reflect the assets and liabilities of each individual Debtor, except where otherwise noted. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") in the United States or International Financial Reporting Standards ("IFRS"), nor are they intended to fully reconcile to the consolidated financial statements of the Debtors.

4. Totals. All totals that are included in the Schedules and Statements represent totals of all the known amounts included on the Schedules. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

5. Excluded Assets and Liabilities. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain other assets, general accrued liabilities, deferred revenue, accrued accounts payables, and hedging reserve. Other immaterial assets and liabilities may also have been excluded.

6. Interest in Subsidiaries and Affiliates.

(a) NHL and its affiliate Nautilus Holdings No. 2 Limited ("NH2L") separately own directly or indirectly all of the equity interests in 19 subsidiaries and affiliates that are also Debtors. Interests in subsidiaries arise from stock ownership. Each Debtor's Schedule B - Personal Property schedules its ownership interests, if any, in subsidiaries and affiliates. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

(b) As of the Petition Date, NHL was owned 49.9% by Reminiscent Ventures S.A ("Reminiscent"), with the remaining 50.1% held collectively by NHL Investors (MD), Ltd., NHL Investors (ME), Ltd., ELQ Investors 11 Ltd., Eton Park Fund, L.P., and Eton Park Master Fund Ltd. Separately, NH2L was owned 100% by Reminiscent. Reminiscent's equity ownership reflects the pre-petition acquisition by Reminiscent of the 39.9% stake in each of NHL and NH2L that were formerly owned by GE Capital.

7. Summary of Significant Reporting Policies. The following is a summary of significant reporting policies:

(a) Foreign Currency. All amounts are reflected in U.S. dollars unless otherwise indicated.

(b) Book value. Unless otherwise noted, the Debtors' assets and liabilities are shown on the basis of their net book value as of May 31, 2014 or as of the close of business on June 23, 2014, respectively, in accordance with the Debtors' books and records. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books, and are not based upon any estimate of their current market value.

(c) Cash Disbursements.  The Debtors maintain a highly efficient cash management system (the "Cash Management System"). The Cash Management System, which is managed by the Debtors' management service provider, Synergy Management Services Limited ("Synergy"), facilitates the efficient flow and management of funds involved in the Debtors' operations, and is a critical component of the comprehensive system for managing cash that supports the Debtors' overall business enterprise.  In particular, Synergy, acting as the Debtors' agent, oversees the disbursement of payment of vessel operating expenses to either (i) third party technical managers (the "Technical Managers") that provide technical management and crewing for each of the Debtors' vessels pursuant to separate technical management agreements or (ii) directly to certain suppliers for the provision of lubricating oils, insurance and classification society fees and other select vessel operating costs.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

The monthly amounts disbursed to the Technical Managers on account of each vessel's respective operating expenses are based on an annually approved budget agreed upon between Synergy on behalf of each vessel owner and each technical management company, which remain subject to ongoing adjustments, depending upon actual costs.

(d) Intercompany Accounts. The Debtors record intercompany assets and liabilities through two types of accounts: (1) advances due to and due from related parties which are unsecured interest free lendings to other subsidiaries of NHL or NH2L and relate to expenses paid by the Debtors on behalf of the related subsidiaries and (2) loans due to a Debtor's parent holding company which is interest-free and utilized to fund a portion of the vessel's purchase price and for working capital purposes.

(e) Accounts Receivable. Amounts are presented as of May 31, 2014. For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information. Accounts receivable information for the Debtors has been listed net of related reserves.

(f) Inventories. Inventories consist of lubricants, which are stated at the lower of cost or market value. Cost is determined by the first-in-first-out method.

(g) Property and Equipment. A vessel in operation is stated at historical cost less accumulated depreciation. Certain expenditures for conversions and major improvements are also capitalized if they appreciably extend the life or increase the earning capacity of a vessel. The cost of periodic maintenance or drydocks, whereby actual costs incurred improve the efficiency or safety of a vessel, is capitalized and depreciated on a straight line basis over the period until the next scheduled drydocking. Drydocks are scheduled to take place every five years. Vessel depreciation commences when the vessel is brought into use. All parts of the vessel except "notional drydocking" are considered to comprise one overall vessel component. The vessel is depreciated on a straight-line basis over its remaining estimated useful life, after considering the estimated residual value. The depreciable basis, residual value and expected lifetime assumptions of long-life assets are reviewed at each of the statement of financial position dates, and where they differ significantly from previous estimates the depreciation charges are changed accordingly. The Debtor estimates the useful life of their newbuildings at 30 years. The Debtors' estimates of the useful lives of the Debtors' vessels acquired in the secondary market are based on the vessels' remaining estimated useful life from the date of their acquisition, which will not exceed 30 years.

(h) Leases. The Debtors have not included in the Schedules and Statements the future obligations of any operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included in Schedule F of the Schedules and Statements. These leases are reported on Schedule G of each applicable Debtor.

(i) Contingent Assets. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets. The Debtors have not set forth claims or causes of action against third parties or avoidance actions as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, causes of action or avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) indemnities, (ii) guarantees and (iii) warranties.

Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses. Refer to each Statement of Financial Affairs, item 4(a), for lawsuits commenced prior to the Petition Date in which the Debtor was a plaintiff.

(j) Schedule D. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(k) Schedule E. All claims listed on the Debtors' Schedule E are claims owing to certain taxing authorities to which the Debtors may potentially be liable. The Debtors are not aware of any outstanding amounts currently due to any such taxing authorities. Therefore, the Debtors have listed all such claims as $0 in amount.

(l) Schedule G. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and every effort has been made to ensure the accuracy of the Schedule of Executory Contracts and Unexpired Leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on the Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the rights to dispute or challenge

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Additionally, the Debtors have not listed confidentiality agreements on the Schedule.

8. Guaranties and Other Secondary Liability Claims. The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim, whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and SOFAs, including in any future amendments to the Schedules and SOFAs, shall not affect the enforceability of any Guaranties not listed.

9. Classifications. Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E as "unsecured priority" or (iii) on Schedule F as "unsecured nonpriority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by a Debtor of the legal rights of the claimant or a waiver of any of Debtors' right to recharacterize or reclassify such claim or contract. The Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim whether by amending the Schedules and SOFAs or in another appropriate filing.

10. Disputed, Contingent, and/or Unliquidated Claims. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on the Debtors' Schedules as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" and/or "unliquidated" or that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" and/or "unliquidated," whether by amending the Schedules and SOFAs or in another appropriate filing. Listing a claim does not constitute an admission by the Debtors of the claimant's legal rights or a waiver of the Debtors' right to recharacterize or reclassify the claim or contract. Additionally, the Debtors reserve their rights to object to any listed claims on the grounds that, among other things, they have already been satisfied.

11. Claims. All general unsecured claims against the Debtors have been listed on Schedule F based upon the Debtors' existing books and records. The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with IFRS. Schedule F contains information regarding pending litigation involving the Debtors. However, to the extent that a specific Debtor has been identified in a claim, information regarding that litigation is contained in Schedule F for such Debtor.

12. Effect of Payments Made Pursuant to "First Day" Orders on Scheduled Claim Amount. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims, including, but not limited to, payments to certain vendors and taxing authorities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court, including, without limitation, the Bankruptcy Court's "first day" orders to the extent the Debtors have not agreed to such assertions as of the date hereof.

13. Intellectual Property Rights. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

14. Global Notes Control. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

Specific Disclosures with Respect to the Debtors' Statements

SOFAs Item 3(b) - 90 Day Payments. The Debtors have responded to Item 3(b) of the Statement of Financial Affairs in a detailed format by creditor.

SOFAs Item 3(c) - Payments to Insiders. The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) an individual appointed through a Debtor's shareholders agreement, or (3) an entity related to an insider. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. In addition, certain Debtors have made payments to, charged or incurred charges from various affiliated entities during the twelve months preceding the Petition Date. These transactions have been reflected in the Schedules and Statements as the net change in beginning and ending intercompany trade payables.

SOFAs Item 4 - Litigation. In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

However, some such claims may be listed elsewhere in the Schedules and Statements.

SOFAs Item 8 - The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

SOFAs Item 13 - Set-Offs. The Debtors routinely incur set-offs during the ordinary course of business. Set-offs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties and other transaction true-ups. These normal set-offs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs. Therefore, normal set-offs are excluded from the Debtors' responses to Item 13 of the SOFAs.

SOFAs Item 14 - Property Held for Another Person. In the ordinary course of business, the Debtors enter into charterer agreements (the "Charterer Agreements") with their charterers. Under the Charterer Agreements, the Debtors take possession but not title to bunkers and containers (the "Charterer's Assets"). Title to the Charterer's Assets does not transfer to the Debtors and the Debtors are not obligated to pay for the Charterer's Assets. The Charterer Agreements allow for the Debtors to take title to the bunkers upon termination, which then can be transferred to another Charterer when placed in service.

SOFAs Item 18 - Capital Structure. The Debtors total 21 separate legal entities. Thus, the diagrams attached in response to SOFA Item 18 reflect the capital structure of NHL, NH2L and their respective subsidiaries as it existed at the end of each 2009, 2010, 2011, 2012, and 2013 and at June 23, 2014.

SOFAs Item 19(d) - Books, Records and Financial Statements. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

In re: <u>Nautilus Holdings Limited</u>                                                            Case No.  14-22885

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑  Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|
|  |  |  |  |

In re: <u>Nautilus Holdings Limited</u>                                        Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | See Attached Schedule B-2 | $1,689,202 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | See Attached Schedule B-3 | $331,998 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

In re: <u>Nautilus Holdings Limited</u>                                      Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. | X | | |
| 13.  Stock and interests in incorporated and unincorporated business.  Itemize. | | See Attached Schedule B-13 | Undetermined |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16.  Accounts receivable. | | See Attached Schedule B-16 | $92,903,680 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18.  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

In re: <u>Nautilus Holdings Limited</u>                                        Case No.  <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |

In re: <u>Nautilus Holdings Limited</u>                                                Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | X | | |
| 29.  Machinery, fixtures, equipments, and supplies used in business. | X | | |
| 30.  Inventory | X | | |
| 31.  Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | See Attached Schedule B-35 | $313,965 |

**Nautilus Holdings Limited**

**Case Number: 14-22885**

**Exhibit B-2**

**Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives**

| Bank Name | Account Number | Account Description | Address | Balance |
|---|---|---|---|---|
| CITI BANK  GENEVA | 2782 | NHL ACCOUNT - EURO | CITI PRIVATE BANK<br>QUAI DU GENERAL-GUISAN 16<br>GENEVE<br>SWITZERLAND | $42,061 |
| CITI BANK  GENEVA | 2782 | NHL ACCOUNT - GBP | CITI PRIVATE BANK<br>QUAI DU GENERAL-GUISAN 16<br>GENEVE<br>SWITZERLAND | $106 |
| CITI BANK  GENEVA | 2782 | NHL ACCOUNT - USD | CITI PRIVATE BANK<br>QUAI DU GENERAL-GUISAN 16<br>GENEVE<br>SWITZERLAND | $1,343,159 |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) SA | 5540 | NHL ACCOUNT | SIEGE RUE DE LA CORRATERIR 6<br>CASE POSTALE 5022<br>GENEVE<br>SWITZERLAND | $303,876 |
| | | | | **$1,689,202** |

**Specific Notes**

Bank balance as of 6/23/2014.

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Exhibit B-3**
**Security deposits with public utilities, telephone companies, landlords, and others**

| Description | Description | Net Book Value |
|---|---|---|
| AP Services, LLC | RETAINER | $300,000 |
| JOELE FRANK, WILKINSON BRIMMER KATCHER | RETAINER | $9,898 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | RETAINER | $20,000 |
| STARK OFFICE SUITES | DEPOSIT | $2,100 |
| | | $331,998 |

**Specific Notes**

Professional retainers as of June 23, 2014.

NAUTILUS HOLDINGS LIMITED
2014 Organization Structure
EXHIBIT B-13

| LID | Legal Entity Name | Parent | Parent2 | Jurisdiction of Incorporation | Date of Incorporation | HK Tax ID No | Debtor/Non-Debtor | Location | Nature of Business |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Nautilus Holdings Limited | Shareholders - Reminiscent Ventures S.A. (49.9%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings: ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%) | Bermuda | 10/31/2006 | | Debtor | Bermuda | Holding Company |
| 4 | Nautilus Shipholdings No. 2 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 6/6/2007 | | Debtor | Bermuda | Holding Company |
| 15 | Metropolitan Harbour Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837969 | Debtor | At Sea | Vessel |
| 16 | Golden Knighthead Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/13/2007 | 17/37826376 | Debtor | At Sea | Vessel |
| 5 | Nautilus Shipholdings No. 3 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 7/12/2007 | | Debtor | Bermuda | Holding Company |
| 17 | Perpetual Joy Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 22/38210897 | Debtor | At Sea | Vessel |
| 18 | Vivid Mind Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837935 | Debtor | At Sea | Vessel |
| 19 | Regal Stone Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 5/7/2007 | 22/37913636 | Debtor | At Sea | Vessel |
| 20 | Charming Energetic Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210936 | Debtor | At Sea | Vessel |
| 21 | Dynamic Continental Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210928 | Debtor | At Sea | Vessel |
| 2 | Nautilus Holdings No. 2 Limited | Shareholders - Reminiscent Ventures S.A. (100%) | | Bermuda | 12/17/2012 | | Debtor | Bermuda | Holding Company |
| 3 | Nautilus Shipholdings No. 1 Limited | Nautilus Holdings No. 2 Limited (100%) | | Bermuda | 12/15/2006 | | Debtor | Bermuda | Holding Company |
| 6 | Findhorn Osprey Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168075 | Debtor | At Sea | Vessel |
| 7 | Floral Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/13/2006 | 22/37154549 | Debtor | At Sea | Vessel |
| 8 | Earlstown Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/18/2006 | 22/37171898 | Debtor | At Sea | Vessel |
| 9 | Resplendent Spirit Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168114 | Debtor | At Sea | Vessel |
| 10 | Miltons Way Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 2/1/2007 | 22/37606180 | Debtor | At Sea | Vessel |
| 11 | Able Challenger Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 22/37748877 | Debtor | At Sea | Vessel |
| 12 | Magic Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460950 | Debtor | At Sea | Vessel |
| 13 | Metropolitan Vitality Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 17/37749019 | Debtor | At Sea | Vessel |
| 14 | Superior Integrity Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460934 | Debtor | At Sea | Vessel |

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Exhibit B-16**
**Accounts receivable**

| Description | Net Book Value |
|---|---|
| INTERCOMPANY RECEIVABLE - DUE FROM NAUTILUS SHIPHOLDINGS NO.2 LTD | $44,800,637 |
| INTERCOMPANY RECEIVABLE - DUE FROM NAUTILUS SHIPHOLDINGS NO.3 LTD | $41,218,579 |
| INTERCOMPANY RECEIVABLE - DUE FROM REGAL STONE LTD | $2,880,176 |
| INTERCOMPANY RECEIVABLE - DUE FROM DYNAMIC CONTINENTAL LTD | $1,249,204 |
| INTERCOMPANY RECEIVABLE - DUE FROM CHARMING ENERGETIC LTD | $1,225,103 |
| INTERCOMPANY RECEIVABLE - DUE FROM PERPETUAL JOY | $800,543 |
| INTERCOMPANY RECEIVABLE - DUE FROM GOLDEN KNIGHTHEAD LTD | $489,304 |
| SYNERGY MANAGEMENT SERVICES LTD | $167,989 |
| INTERCOMPANY RECEIVABLE - DUE FROM VIVID MIND LTD | $72,145 |
| | **$92,903,680** |

**Specific Notes**

Intercompany balances as of June 23, 2014.

**Nautilus Holdings Limited**
**Case Number:  14-22885**

**Exhibit  B-35**
**Other personal property of any kind not already listed**

| Description | Net Book Value |
|---|---|
| PREPAID MANAGEMENT FEES - SYNERGY MANAGEMENT LIMITED | $313,482 |
| TRUST ACCOUNT | $483 |
| | **$313,965** |

In re: <u>Nautilus Holdings Limited</u>                                                          Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.) Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |
| | | | ☐ ☐ ☐ | | | |

<u>1</u>        continuation sheets attached        **Total**

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

**Nautilus Holdings Limited**

**Case Number:  14-22885**

## SPECIFIC NOTES REGARDING SCHEDULE D

### Creditors Holding Secured Claims

The claims listed in Schedule D arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule D.

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included in Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

In re: **Nautilus Holdings Limited**                                                    Case No. **14-22885**

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing a "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(3).

☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725 per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐ Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(5).

☐ Certain farmers and fisherman

Claims of certain farmers and fishermen, up to $5,775 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(6).

☐ Deposits by individuals

Claims of individuals up to $2,600 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(7).

☐ Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☑ Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐ Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

☐ Administrative Expense Claims

Claims for the value of any goods received by the debtor within 20 days before the Petition Date in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

In re: <u>Nautilus Holdings Limited</u>                                    Case No.  <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured priority claims against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D.  If all creditors will not fit on this page, use the continuation sheet provided.

 If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

 If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no unsecured nonpriority claims to report on this Schedule E

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|
| See Attached Schedule E-1 | | Taxes and Government Fees | ☑ ☑ ☐ | $0 |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |

<u>3</u>    total continuation sheets attached          **Total**          **$0**

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

**Nautilus Holdings Limited**

**Case Number: 14-22885**

---

### SPECIFIC NOTES REGARDING SCHEDULE E

**Creditors Holding Unsecured Priority Claims**

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Outstanding claims, if any, for goods received by the Debtor within 20 days before the Petition Date in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business are reflected on the Debtor's Schedule F.

All claims listed on the Debtors' Schedule E are claims owing to various government authorities to which the Debtors may potentially be liable. As noted in the Global Notes, the Bankruptcy Court entered a first day order granting authority to the Debtors to pay certain prepetition taxes.

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Exhibit E-1**

**Consideration For Claim:  Taxes and Government Fees**

| Creditor's Name, Mailing Address Including Zip Code And Account Number | Codebtor | Date Claim Was Incurred | C | U | D | Amount Of Claim | Amount Entitled To Priority | Amount Not Entitled To Priority |
|---|---|---|---|---|---|---|---|---|
| BERMUDAN GOVERNMENT - REGISTRAR OF COMPANIES GOVERNMENT ADMINISTRATION BUILDINGS 30 PARLIAMENT STREET HAMILTON  HM 12 BERMUDA | ☐ | N/A | ☑ | ☑ | ☐ | $0 | $0 | $0 |
| ACCOUNT NO.: A39120 | | | | | | | | |
| | | | | | | $0 | $0 | $0 |

In re: <u>Nautilus Holdings Limited</u>                                          Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

 If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

 If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C | U | D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|---|---|
| See Attached Schedule F-1 | | Intercompany | ☑ | ☐ | ☐ | $232,994 |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |

<u>2</u>   total continuation sheets attached                    **Total**         $232,994

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

**Nautilus Holdings Limited**

Case Number:  **14-22885**

## SPECIFIC NOTES REGARDING SCHEDULE F

**Creditors Holding Unsecured Nonpriority Claims**

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.

Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Commencement Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with IFRS. Such accruals are general estimates of liabilities and do not represent specific claims as of the Commencement Date.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Commencement Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Commencement Date.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

The Bankruptcy Court has authorized, but not directed, the Debtors to pay in the ordinary course of business and subject to specific terms and conditions certain outstanding claims on a postpetition basis. Schedule F may reflect the Debtors' payment of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule F. The Debtors may pay additional claims listed on Schedule F during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and reserves all of its rights with respect to such payments.

Schedule F may contain information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Exhibit F-1**
**Consideration For Claim: Intercompany**

| Creditor's Name, Mailing Address Including Zip Code And Account Number | Codebtor | Date Claim Was Incurred. If Claim Is Subject To Setoff, So State | C | U | D | Amount of Claim |
|---|---|---|---|---|---|---|
| METROPOLITAN HARBOUR LIMITED NOT AVAILABLE | ☐ | UNKNOWN | ☑ ☐ ☐ | | | $134,954 |
| ACCOUNT NO.: NOT AVAILABLE | | | | | | |
| INTERCOMPANY PAYABLE - DUE TO METROPOLITAN HARBOUR LTD | | | | | | |
| NAUTILUS HOLDINGS NO. 2 LIMITED NOT AVAILABLE | ☐ | UNKNOWN | ☑ ☐ ☐ | | | $98,040 |
| ACCOUNT NO.: NOT AVAILABLE | | | | | | |
| INTERCOMPANY PAYABLE - DUE TO NAUTILUS HOLDINGS 2 LTD | | | | | | |
| | | | | | | $232,994 |

**Specific Notes**

Intercompany balances as of June 23, 2014.

In re: <u>Nautilus Holdings Limited</u>                                                           Case No. <u>14-22885</u>

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| See Attached Schedule G-1 | Executory Contracts |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

<u>3</u>   total continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

**Nautilus Holdings Limited**

**Case Number: 14-22885**

## SPECIFIC NOTES REGARDING SCHEDULE G

### Executory Contracts

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Commencement Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G. Additionally, certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain nonmonetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist. The Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases. These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Exhibit  G-1**
**Executory Contracts**

| Name | Description | Contract ID | Address |
|------|-------------|-------------|---------|
| ALAN CARR | DIRECTOR LETTER AGREEMENT | DO2 | C/O DRIVETRAIN 630 THIRD AVENUE, 21ST FLOOR NEW YORK, NY 10017 |
| ALASTAIR HUGH FARLEY | DIRECTOR LETTER AGREEMENT | DO3 | REDACTED ADDRESS |
| ANDREAS PAPATHOMAS | EXECUTIVE EMPLOYMENT AGREEMENT | DO1 | REDACTED ADDRESS |
| AULD PARTNERS | SERVICE PROVIDER AGREEMENT | DO4 | ATTN: ROBIN DAS 17 CAVENDISH SQUARE LONDON W1G OPH |
| JOELE FRANK | ENGAGEMENT LETTER | RP2 | 623 THIRD AVENUE, 36TH FLOOR NEW YORK, NY 10017 |
| LEXIS NEXIS | BRIDGER INSIGHT LICENSE AND SERVICES AGREEMENT | P5 | RADARWEG 29 AMSTERDAM 1043 NETHERLANDS |
| LSK (LEYNE STRAUSS-KAHN & PARTNERS) | FINANCING CONSULTING SERVICES AGREEMENT | RP3 | 2224 BOULEVARD ROYAL, L-2449 LUXEMBOURG L-2449 SWITZERLAND |
| MARSOFT | INVESTMENT EVALUATION FOR THE DRY BULK AND CHEMICAL TANKERS AGREEMENT | P7 | 155 FEDERAL STREET SUITE 1000 BOSTON, MA 02110 |
| STARK OFFICE SUITES | OFFICE SUITES LICENSE AGREEMENT | WP1 | 445 HAMILTON AVENUE WHITE PLAINS, NY 10601 |
| SYNERGY MANAGEMENT SERVICES LIMITED | MANAGEMENT AGREEMENT | MA1 | CANNON COURT, 22 VICTORIA STREET HAMILTON HM 12 BERMUDA |

**Nautilus Holdings Limited**

**Case Number:  14-22885**

**Exhibit  G-1**
**Executory Contracts**

| Name | Description | Contract ID | Address |
|------|-------------|-------------|---------|

**TOTAL NUMBER OF CONTRACTS:  10**

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

### SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| LID | NAME OF CODEBTOR | DESCRIPTION | SILO 1 "HSH SILO"[1] | SILO 1 "HSH SILO A"[2] | SILO 2 "HSH SYNDICATE SILO"[3] | SILO 3 "DVB SILO 1"[4] | SILO 3 "DVB SILO 2"[5] | SILO 4 "CITI SILO"[6] |
|---|---|---|---|---|---|---|---|---|
| 1 | Nautilus Holdings Limited | Holding Company | | | | | | |
| 4 | Nautilus Shipholdings No. 2 Limited | Holding Company | | | | X | X | |
| 15 | Metropolitan Harbour Limited | Vessel | | | | | X | |
| 16 | Golden Knighthead Limited | Vessel | | | | X | | |
| 5 | Nautilus Shipholdings No. 3 Limited | Holding Company | | | | | | X |
| 17 | Perpetual Joy Limited | Vessel | | | | | | X |
| 18 | Vivid Mind Limited | Vessel | | | | | | X |
| 19 | Regal Stone Limited | Vessel | | | | | | X |
| 20 | Charming Energetic Limited | Vessel | | | | | | X |
| 21 | Dynamic Continental Limited | Vessel | | | | | | X |
| 2 | Nautilus Holdings No. 2 Limited | Holding Company | | | | | | |
| 3 | Nautilus Shipholdings No. 1 Limited | Holding Company | X | X | X | | | |
| 6 | Findhorn Osprey Limited | Vessel | X | | X | | | |
| 7 | Floral Peninsula Limited | Vessel | X | | X | | | |
| 8 | Earlstown Limited | Vessel | X | | X | | | |
| 9 | Resplendent Spirit Limited | Vessel | X | | X | | | |
| 10 | Miltons Way Limited | Vessel | | X | | | | |
| 11 | Able Challenger Limited | Vessel | | | X | | | |
| 12 | Magic Peninsula Limited | Vessel | | | X | | | |
| 13 | Metropolitan Vitality Limited | Vessel | | | X | | | |
| 14 | Superior Integrity Limited | Vessel | | | X | | | |

Notes

Defined terms are taken from court filed declaration, "Declaration of James A. Mesterharm Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings" [docket no.13]:

(1) $118,175,000 unpaid senior secured credit facility, dated as of February 12, 2007, utilized to partially finance the acquisition of four container vessels named MV Camellia, MV Dahlia, MV ANL Kardinia, and MV Violet (the "Flowers Credit Facility"). The Flowers Debtors' obligations under the Flowers Credit Facility are secured by liens on substantially all of the Flowers Debtors' hard assets, including the vessels and the Flowers Debtors' cash. HSH Nordbank is the swap bank, agent, security trustee, and lender under the Flowers Credit Facility. Nautilus Shipholdings No. 1 Limited is a party to a Guarantee dated as of February 12, 2007 pursuant to which it undertook to guarantee the Flowers Debtors' obligations in connection with the Flowers Credit Facility.

(2) $41,400,000 unpaid senior secured credit facility, dated as of July 6, 2007, utilized to partially finance the acquisition of one container vessel named MVColumbia (the "Columbia Credit Facility"). The Columbia Debtor's obligations under the Columbia Credit Facility are secured by liens on substantially all of the Columbia Debtor's hard assets, including the vessel and the Columbia Debtor's cash. HSH Nordbank AG ("HSH Nordbank") is the swap bank, agent, security trustee, and lender under the Columbia Facility. Nautilus Shipholdings No. 1 Limited is a party to a Guarantee dated as of July 6, 2007 pursuant to which it undertook to guarantee the Columbia Debtor's obligations in connection with the Columbia Credit Facility.

(3) $190,957,589 unpaid senior secured credit facility, dated as of April 12, 2007, utilized to partially finance four container vessels named the MV YM Oakland, MV YM Busan, MV YM Antwerp, and MV YM Keelung (the "HSH-YM Credit Facility"). The HSH-YM Debtors' obligations under the HSH-YM Credit Facility are secured by first priority liens on substantially all of the HSH-YM Debtors' hard assets, including the vessels and the HSH-YM Debtors' cash, and second priority liens over the vessels owned by the Flowers Debtors. The lenders under the HSH-YM Credit Facility are HSH Nordbank, Unicredit Bank AG ("Unicredit") and Commerzbank AG ("Commerzbank"). HSH Nordbank is the swap bank, agent and security trustee. Nautilus Shipholdings No. 1 Limited is party to a Guarantee, dated as of April 13, 2007, and Resplendent Spirit, Earlstown, Floral Peninsula and Findhorn Osprey are each party to separate Collateral Guarantees, each dated as of April 12, 2007, pursuant to which such Debtors undertook to guarantee the HSH-YM Debtors' HSH-YM Credit Facility obligations in connection with the HSH-YM Credit Facility.

(4) $73,191,500 unpaid senior secured credit facility, dated as of July 11, 2007, utilized to partially finance the MV Washington (the "DVB 1 Credit Facility"). The Washington Debtor's obligations under the DVB 1 Credit Facility are secured by liens on substantially all of the Washington Debtor's hard assets, including the vessel and the Washington Debtor's cash. DVB Bank AG is the lender, swap bank, agent and security trustee under the DVB 1 Credit Facility. Nautilus Shipholdings No. 2 Limited is a party to a Guarantee dated as of July 11, 2007 pursuant to which it undertook to guarantee the MH Debtor's obligations in connection with the DVB 1 Credit Facility.

(5) $73,191,500 unpaid senior secured credit facility, dated as of July 11, 2007, utilized to partially finance the MV Texas (the "DVB 2 Credit Facility"). The Texas Debtor's obligations under the DVB 2 Credit Facility are secured by liens on substantially all of the Texas Debtor's hard assets, including the vessel and the Texas Debtor's cash. DVB Bank AG is the lender, swap bank, agent and security trustee under the DVB 2 Credit Facility. Nautilus Shipholdings No. 2 Limited is a party to a Guarantee dated as of July 11, 2007 pursuant to which it undertook to guarantee the GK Debtor's obligations in connection with the DVB 2 Credit Facility.

(6) $272,553,501 unpaid senior secured credit facility, dated as of September 25, 2007, as amended by that certain Supplemental Agreement dated September 7, 2012, utilized to partially finance the purchase of five container vessels named MV Rotterdam, MV Hamburg, MV Venezia, MV Corcovado and MV Ital Onesta (the "Citi Credit Facility"). The Citi Credit Facility is composed of two tranches, with tranche B fully subordinated to tranche A. The Citi Debtors' obligations under the Citi Credit Facility are secured by liens on substantially all of the Citi Debtors' hard assets, including the vessels and the Citi Debtors' cash. The counterparties to the Citi Credit Facility are Citibank, N.A. and Bank of Scotland plc, in their capacity as swap banks, Citibank International plc as agent, Citibank, N.A. as security trustee, Citigroup Global Markets Limited as arranger and Citibank, N.A., Bank of Scotland plc, Lloyds TSB Bank plc, UniCredit Bank AG, Goldman Sachs Bank (Europe) Plc, Goldman Sachs International Bank and Sculptor Investments S.a.r.l. as lenders. Nautilus Shipholdings No. 3 Limited is a party to a Guarantee dated as of September 25, 2007 pursuant to which it undertook to guarantee the Citi Debtors' obligations in connection with the Citi Credit Facility.

**Nautilus Holdings Limited**                                               **Case Number:  14-22885**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signatory of Nautilus Holdings Limited, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.


**Date:** _____ August 6, 2014 _____          **Signature:** _/s/ James A. Mesterharm_____


                                                   James A. Mesterharm, Chief Restructuring Officer
                                                   **Name and Title**


*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York**

| | | |
|---|---|---|
| <u>**In re**</u> | ) | **Chapter 11** |
| | ) | |
| **NAUTILUS HOLDINGS LIMITED** | ) | **Case No: 14-22885** |
| **Debtor.** | ) | |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Nautilus Holdings Limited**

**Case No: 14-22885**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

**General Notes**

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs" or collectively the "Schedules and Statements") filed by Nautilus Holdings Limited ("NHL") and 20 of its direct and indirect subsidiaries and affiliates (collectively, with NHL, the "Debtors" or "Nautilus"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. §521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. Reservation of Rights.  The Debtors have used reasonable efforts to ensure accuracy in attributing the information listed in the Schedules and SOFAs to the correct Debtor; however, subsequent information or discovery may result in material changes to the Schedules and SOFAs, and inadvertent errors, omissions or inaccuracies may exist.  The Debtors reserve all rights to amend or supplement their Schedules and SOFAs.   Listing a claim or a contract with a particular Debtor does not constitute an admission by such Debtor of the legal rights of the claimant or a waiver of the Debtors' right to disclaim such claim or contract as attributable to such Debtor.  The Debtors reserve the right to amend the Schedules and SOFAs, and to relist any contract or claim with another Debtor and/or to remove such contract or claim from the Schedules and SOFAs whether by amending the Schedules and SOFAs or in another appropriate filing.

2. Description of the Cases and "As Of" Information Date. On June 23, 2014 (the "Petition Date") the Debtors filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The cases have been consolidated for the purpose of joint administration under case number 14-22885 (RDD). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Each Debtor's fiscal year ends on December 31. All asset information, except where otherwise noted, is as of May 31, 2014. The liability information, except where otherwise noted, is as of the close of business on June 23, 2014.

3. Basis of Presentation.  For financial reporting purposes, the Debtors prepare standalone and consolidated financial statements that are provided to certain Lenders and that are audited annually. As of today, the Debtors have not finalized their annual reports for the year ending December 31, 2013. Unlike the consolidated financial statements contained therein, these Schedules and Statements reflect the assets and liabilities of each individual Debtor, except where otherwise noted. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") in the United States or International Financial Reporting Standards ("IFRS"), nor are they intended to fully reconcile to the consolidated financial statements of the Debtors.

4. Totals. All totals that are included in the Schedules and Statements represent totals of all the known amounts included on the Schedules. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

5. Excluded Assets and Liabilities. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain other assets, general accrued liabilities, deferred revenue, accrued accounts payables, and hedging reserve. Other immaterial assets and liabilities may also have been excluded.

6. Interest in Subsidiaries and Affiliates.

(a) NHL and its affiliate Nautilus Holdings No. 2 Limited ("NH2L") separately own directly or indirectly all of the equity interests in 19 subsidiaries and affiliates that are also Debtors. Interests in subsidiaries arise from stock ownership. Each Debtor's Schedule B - Personal Property schedules its ownership interests, if any, in subsidiaries and affiliates. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

(b) As of the Petition Date, NHL was owned 49.9% by Reminiscent Ventures S.A ("Reminiscent"), with the remaining 50.1% held collectively by NHL Investors (MD), Ltd., NHL Investors (ME), Ltd., ELQ Investors 11 Ltd., Eton Park Fund, L.P., and Eton Park Master Fund Ltd. Separately, NH2L was owned 100% by Reminiscent. Reminiscent's equity ownership reflects the pre-petition acquisition by Reminiscent of the 39.9% stake in each of NHL and NH2L that were formerly owned by GE Capital.

7. Summary of Significant Reporting Policies. The following is a summary of significant reporting policies:

(a) Foreign Currency. All amounts are reflected in U.S. dollars unless otherwise indicated.

(b) Book value. Unless otherwise noted, the Debtors' assets and liabilities are shown on the basis of their net book value as of May 31, 2014 or as of the close of business on June 23, 2014, respectively, in accordance with the Debtors' books and records. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books, and are not based upon any estimate of their current market value.

(c) Cash Disbursements.  The Debtors maintain a highly efficient cash management system (the "Cash Management System"). The Cash Management System, which is managed by the Debtors' management service provider, Synergy Management Services Limited ("Synergy"), facilitates the efficient flow and management of funds involved in the Debtors' operations, and is a critical component of the comprehensive system for managing cash that supports the Debtors' overall business enterprise.  In particular, Synergy, acting as the Debtors' agent, oversees the disbursement of payment of vessel operating expenses to either (i) third party technical managers (the "Technical Managers") that provide technical management and crewing for each of the Debtors' vessels pursuant to separate technical management agreements or (ii) directly to certain suppliers for the provision of lubricating oils, insurance and classification society fees and other select vessel operating costs.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

The monthly amounts disbursed to the Technical Managers on account of each vessel's respective operating expenses are based on an annually approved budget agreed upon between Synergy on behalf of each vessel owner and each technical management company, which remain subject to ongoing adjustments, depending upon actual costs.

(d) Intercompany Accounts. The Debtors record intercompany assets and liabilities through two types of accounts: (1) advances due to and due from related parties which are unsecured interest free lendings to other subsidiaries of NHL or NH2L and relate to expenses paid by the Debtors on behalf of the related subsidiaries and (2) loans due to a Debtor's parent holding company which is interest-free and utilized to fund a portion of the vessel's purchase price and for working capital purposes.

(e) Accounts Receivable. Amounts are presented as of May 31, 2014. For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information. Accounts receivable information for the Debtors has been listed net of related reserves.

(f) Inventories. Inventories consist of lubricants, which are stated at the lower of cost or market value.  Cost is determined by the first-in first-out method.

(g) Property and Equipment.  A vessel in operation is stated at historical cost less accumulated depreciation. Certain expenditures for conversions and major improvements are also capitalized if they appreciably extend the life or increase the earning capacity of a vessel.  The cost of periodic maintenance or drydocks, whereby actual costs incurred improve the efficiency or safety of a vessel, is capitalized and depreciated on a straight line basis over the period until the next scheduled drydocking. Drydocks are scheduled to take place every five years. Vessel depreciation commences when the vessel is brought into use. All parts of the vessel except "notional drydocking" are considered to comprise one overall vessel component. The vessel is depreciated on a straight-line basis over its remaining estimated useful life, after considering the estimated residual value. The depreciable basis, residual value and expected lifetime assumptions of long-life assets are reviewed at each of the statement of financial position dates, and where they differ significantly from previous estimates the depreciation charges are changed accordingly. The Debtor estimates the useful life of their newbuildings at 30 years. The Debtors' estimates of the useful lives of the Debtors' vessels acquired in the secondary market are based on the vessels' remaining estimated useful life from the date of their acquisition, which will not exceed 30 years.

(h) Leases. The Debtors have not included in the Schedules and Statements the future obligations of any operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included in Schedule F of the Schedules and Statements. These leases are reported on Schedule G of each applicable Debtor.

(i) Contingent Assets. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets. The Debtors have not set forth claims or causes of action against third parties or avoidance actions as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) indemnities, (ii) guarantees and (iii) warranties.

Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses. Refer to each Statement of Financial Affairs, item 4(a), for lawsuits commenced prior to the Petition Date in which the Debtor was a plaintiff.

(j) Schedule D. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(k) Schedule E. All claims listed on the Debtors' Schedule E are claims owing to certain taxing authorities to which the Debtors may potentially be liable. The Debtors are not aware of any outstanding amounts currently due to any such taxing authorities. Therefore, the Debtors have listed all such claims as $0 in amount.

(l) Schedule G. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and every effort has been made to ensure the accuracy of the Schedule of Executory Contracts and Unexpired Leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the rights to dispute or challenge

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Additionally, the Debtors have not listed confidentiality agreements on the Schedule.

8. Guaranties and Other Secondary Liability Claims. The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim, whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and SOFAs, including in any future amendments to the Schedules and SOFAs, shall not affect the enforceability of any Guaranties not listed.

9. Classifications. Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E as "unsecured priority" or (iii) on Schedule F as "unsecured nonpriority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by a Debtor of the legal rights of the claimant or a waiver of any of Debtors' right to recharacterize or reclassify such claim or contract. The Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim whether by amending the Schedules and SOFAs or in another appropriate filing.

10. Disputed, Contingent, and/or Unliquidated Claims.  Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on the Debtors' Schedules as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" and/or "unliquidated" or that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" and/or "unliquidated," whether by amending the Schedules and SOFAs or in another appropriate filing. Listing a claim does not constitute an admission by the Debtors of the claimant's legal rights or a waiver of the Debtors' right to recharacterize or reclassify the claim or contract.  Additionally, the Debtors reserve their rights to object to any listed claims on the grounds that, among other things, they have already been satisfied.

11. Claims. All general unsecured claims against the Debtors have been listed on Schedule F based upon the Debtors' existing books and records. The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with IFRS.  Schedule F contains information regarding pending litigation involving the Debtors. However, to the extent that a specific Debtor has been identified in a claim, information regarding that litigation is contained in Schedule F for such Debtor.

12. Effect of Payments Made Pursuant to "First Day" Orders on Scheduled Claim Amount. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims, including, but not limited to, payments to certain vendors and taxing authorities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court, including, without limitation, the Bankruptcy Court's "first day" orders to the extent that the Debtors have not agreed to such assertions as of the date hereof.

13. Intellectual Property Rights. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

14. Global Notes Control. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

Specific Disclosures with Respect to the Debtors' Statements

SOFAs Item 3(b) - 90 Day Payments.  The Debtors have responded to Item 3(b) of the Statement of Financial Affairs in a detailed format by creditor.

SOFAs Item 3(c) - Payments to Insiders.   The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) an individual appointed through a Debtor's shareholders agreement, or (3) an entity related to an insider. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  In addition, certain Debtors have made payments to, charged or incurred charges from various affiliated entities during the twelve months preceding the Petition Date. These transactions have been reflected in the Schedules and Statements as the net change in beginning and ending intercompany trade payables.

SOFAs Item 4 - Litigation.  In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Nautilus Holdings Limited**

**Case Number: 14-22885**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

However, some such claims may be listed elsewhere in the Schedules and Statements.

SOFAs Item 8 - The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

SOFAs Item 13 - Set-Offs. The Debtors routinely incur set-offs during the ordinary course of business. Set-offs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties and other transaction true-ups. These normal set-offs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs. Therefore, normal set-offs are excluded from the Debtors' responses to Item 13 of the SOFAs.

SOFAs Item 14 - Property Held for Another Person. In the ordinary course of business, the Debtors enter into charterer agreements (the "Charterer Agreements") with their charterers. Under the Charterer Agreements, the Debtors take possession but not title to bunkers and containers (the "Charterer's Assets"). Title to the Charterer's Assets does not transfer to the Debtors and the Debtors are not obligated to pay for the Charterer's Assets. The Charterer Agreements allow for the Debtors to take title to the bunkers upon termination, which then can be transferred to another Charterer when placed in service.

SOFAs Item 18 - Capital Structure. The Debtors total 21 separate legal entities. Thus, the diagrams attached in response to SOFA Item 18 reflect the capital structure of NHL, NH2L and their respective subsidiaries as it existed at the end of each 2009, 2010, 2011, 2012, and 2013 and at June 23, 2014.

SOFAs Item 19(d) - Books, Records and Financial Statements. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

Chapter 11

In re:  **Nautilus Holdings Limited**                                  Case Number:    **14-22885**

Debtor.

---

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."*    A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*     The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**2.  Income other than from employment or operation of business**

None □    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the  **two years** immediately preceding the commencement of this case.  Give particula If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

**See Attachment 2 to the Statement of Financial Affairs**

**3.  Payments to Creditors**

***Complete a. or b., as appropriate, and c.***

None ☑    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None □    b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**  immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3b to the Statement of Financial Affairs**

None □    c.*All debtors:*  List all payments made within **one year**  immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3c to the Statement of Financial Affairs**

None ☑    **4.  Suits, executions, garnishments, and attachments**

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year**  immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑    b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures, and returns

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this cas (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None

☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None

☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**See Attachment 9 to the Statement of Financial Affairs**

### 10. Other transfers

None

☐

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security withi **two years** immediately preceding the commencemen of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**In January 2013, the 16 container ship fleet was split between Nautilus Holdings Limited ("NHL") and Nautilus Holdings No.2 Limited ("NH2L"). NH2L was previously incorporated as a wholly owned subsidiary of NHL.  The transactions that took place were as follows:**
    **(a) NH2L acquired from NHL the entire issued share capital of Nautilus Shipholdings No.1 Limited ("NS1L").**
    **(b) NH2L acquired from NHL NS1s indebtedness to NHL.**
    **(c) NHL distributed to its shareholders the entire issued share capital it held in NH2L.**
**To effect (a) and (b) above, on January 3, 2014, NHL and NH2L signed a contribution agreement. As the sole shareholder in NH2L, NHL agreed to provide NH2L with the following as a contribution to its surplus: (a) the 12,000 fully paid shares that NHL held in NS1L, which constituted the entire share capital of NS1L; and (b) NHLs interest in the "sponsor loans" granted to NS1L aggregating US$112,435,878.**

3

None
☑

b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

### 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None
☑

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

None
☑

### 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17.  Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
[x]
a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
[x]
b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

None
[x]
c.  List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18.  Nature, location, and names of business**

None
[ ]
*a.  If the debtor is an individual,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years** immediately preceding the commencement of this cas

*If the debtor is a partnership,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

*If the debtor is a corporation,*   list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**See Attachment 18a to the Statement of Financial Affairs**

None
[x]
b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

      The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

      *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.  Books, records and financial statements**

None    a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this
☐       bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See Attachment 19a to the Statement of Financial Affairs**

None    b.  List all firms or individuals who within the **two years** immediately preceding the filing of this
☐       bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**<u>NAME AND ADDRESS</u>**

**See Attachment 19b to the Statement of Financial Affairs**

None    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the
☐       books of account and records of the debtor.  If any of the books of account and records are not available, explain.

**See Attachment 19c to the Statement of Financial Affairs**

None    d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a
☐       financial statement was issued within the **two years** immediately preceding the commencement of this case by th
        debtor.

**On a quarterly basis, the Debtors provided unaudited financial statements to their
respective Lenders. Audited financial statements were historically provided to Lenders and
existing Shareholders, most recently for the December 31, 2012 year end.**

**20.  Inventories**

None    a.  List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised
☑       the taking of each inventory, and the dollar amount and basis of each inventory.

None    b.  List the name and address of the person having possession of the records of each of the two inventories
☑       reported in a., above.

### 21.  Current Partners, Officers, Directors and Shareholders

None ☑
  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☐
  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**See Attachment 21b to the Statement of Financial Affairs**

### 22.  Former partners, officers, directors, and shareholders.

None ☑
  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑
  b.  If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

### 23.  Withdrawals from a partnership or distributions by a corporation

None ☐
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other during **one year** immediately preceding the commencement of this case.

**Please refer to response on SOFA 3c for Nautilus Holdings Limited**

### 24.  Tax Consolidation Group

None ☑
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years**  immediately preceding the commencement of this case.

### 25.  Pension Funds

None ☑
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of this case.

**Nautilus Holdings Limited**                                                                                    **Attachment 2**
**Case Number:  14-22885**

**Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.

| Source | Amount |
|---|---|
| INTEREST INCOME - YTD MAY 2014 | $518 |
| INTEREST INCOME - 2013 | $817 |
| INTEREST INCOME - 2012 | $20,434 |

**Nautilus Holdings Limited**
**Case Number: 14-22885**

**Attachment 3b**

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225

| Name And Address Of Creditor | Agent Name | Reference # | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|---|---|
| AP SERVICES, LLP<br>2000 TOWN CENTER<br>SUITE 2400<br>SOUTHFIELD, MI 48075 | | | | |
| | Synergy | WIRE | 4/23/2014 | $228,217 |
| | Synergy | WIRE | 5/6/2014 | $330,000 |
| | Synergy | WIRE | 6/23/2014 | $569,381 |
| | | **TOTAL AP SERVICES, LLP** | | **$1,127,598** |
| DELOITTE AND TOUCHE<br>231 ARCH. MAKARIOU III AVENUE<br>LIMASSOL 3030<br>CYPRUS | | | | |
| | Synergy | WIRE | 5/12/2014 | $43,203 |
| | Synergy | WIRE | 5/27/2014 | $42,860 |
| | | **TOTAL DELOITTE AND TOUCHE** | | **$86,063** |
| G. LEONTIOU LLC<br>67 KENNEDY AVENUE<br>ATHIENITIS KENNEDY PARK<br>4TH FLOOR, SUITE 401<br>NICOSIA 1076<br>CYPRUS | | | | |
| | Synergy | WIRE | 4/28/2014 | $200,825 |
| | Synergy | WIRE | 5/22/2014 | $1,120 |
| | Synergy | WIRE | 6/23/2014 | $128,800 |
| | | **TOTAL G. LEONTIOU LLC** | | **$330,745** |
| JOELE FRANK, WILKINSON, BRIMMER AND KATCHER<br>622 THIRD AVENUE<br>36TH FLOOR<br>NEW YORK, NY 10017 | | | | |
| | Synergy | WIRE | 4/28/2014 | $30,000 |
| | Synergy | WIRE | 6/4/2014 | $30,000 |
| | | **TOTAL JOELE FRANK, WILKINSON, BRIMMER AND KATCHER** | | **$60,000** |

**Nautilus Holdings Limited**                                                    **Attachment 3b**
**Case Number:  14-22885**

**Payments to creditors**

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225

| Name And Address Of Creditor | Agent Name | Reference # | Dates of Payments | Amount Paid Or Value Of Transfers |
|---|---|---|---|---|
| LEYN STRAUSS KHAN & PARTNERS<br>22-24 BOULEVARD ROYAL<br>LUXEMBURG L-2449 | | | | |
| | Synergy | WIRE | 5/26/2014 | $55,030 |
| **TOTAL LEYN STRAUSS KHAN & PARTNERS** | | | | **$55,030** |
| MARSH BROKERS LIMITED<br>FINPRO PRACTICE<br>1 TOWER PLACE WEST<br>TOWER PLACE<br>LONDON EC3R 5BU | | | | |
| | Synergy | WIRE | 6/23/2014 | $16,500 |
| **TOTAL MARSH BROKERS LIMITED** | | | | **$16,500** |
| NORTON ROSE<br>3 MORE LONDON RIVERSIDE<br>LONDON SE12AQ | | | | |
| | Synergy | WIRE | 4/28/2014 | $46,615 |
| **TOTAL NORTON ROSE** | | | | **$46,615** |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>P.O BOX 1764<br>NEW YORK, NY 10602 | | | | |
| | Synergy | WIRE | 4/7/2014 | $700,000 |
| | Synergy | WIRE | 6/10/2014 | $584,767 |
| **TOTAL SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | | | | **$1,284,767** |
| **TOTAL** | | | | **$3,007,317** |

**Specific Notes**

Does not include payments to insiders.

**Nautilus Holdings Limited**                                                                                    **Attachment 3c**
**Case Number:  14-22885**

**Payments to creditors**

**List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders**

| Name And Address Of Creditor and Relationship To Debtor | Date of Payment | Amount Paid |
| --- | --- | --- |
| ALAN CARR<br>C/O DRIVETRAIN, 630 THIRD AVENUE, 21ST FLOOR, 10017 NEW YORK, NY | | |
| | 6/23/2014 | $22,500 |
| **TOTAL ALAN CARR** | | **$22,500** |
| ALASTAIR HUGH FARLEY, DIRECTOR<br>REDACTED ADDRESS | | |
| | 7/15/2013 | $32,500 |
| | 10/14/2013 | $16,434 |
| | 1/15/2014 | $16,305 |
| | 4/9/2014 | $16,305 |
| **TOTAL ALASTAIR HUGH FARLEY, DIRECTOR** | | **$81,544** |
| ANDREAS PAPATHOMAS – CHAIRMAN<br>REDACTED ADDRESS | | |
| | 6/20/2014 | $99,000 |
| **TOTAL ANDREAS PAPATHOMAS – CHAIRMAN** | | **$99,000** |
| APPLEBY SERVICES (BERMUDA) LTD.<br>22 VICTORIA STREET, HAMILTON HMEX, BERMUDA | | |
| | 6/18/2014 | $1,642 |
| **TOTAL APPLEBY SERVICES (BERMUDA) LTD.** | | **$1,642** |
| AULD PARTNERS<br>17 CAVENDISH SQUARE, W1G 0PH LONDON, UK | | |
| | 6/20/2014 | $91,200 |
| | 6/23/2014 | $13,699 |
| **TOTAL AULD PARTNERS** | | **$104,899** |

**Nautilus Holdings Limited**                                                    **Attachment 3c**
**Case Number:  14-22885**

**Payments to creditors**

**List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders**

| Name And Address Of Creditor and Relationship To Debtor | Date of Payment | Amount Paid |
|---|---|---|
| GE CAPITAL EQUITY INVESTMENTS, INC | | |
| 120 LONG RIDGE ROAD,  STAMFORD, CT | | |
| | 7/22/2013 | $218,923 |
| | 8/22/2013 | $218,923 |
| | 9/22/2013 | $218,923 |
| | 10/20/2013 | $218,923 |
| | 11/20/2013 | $218,923 |
| | 12/20/2013 | $218,923 |
| | 1/20/2014 | $218,923 |
| | 2/22/2014 | $110,724 |
| | 3/22/2014 | $110,724 |
| | 4/22/2014 | $110,724 |
| | 5/22/2014 | $110,724 |
| | 5/22/2014 | $110,724 |
| **TOTAL GE CAPITAL EQUITY INVESTMENTS, INC** | | **$2,086,081** |
| | | |
| J&L SAWYER | | |
| C/O MARINE CAPITAL AND FINANCE | | |
| 1 NORTH FRITH PARK, TN11 9QW HADLOW KENT, UK | | |
| | 7/1/2013 | $7,567 |
| | 7/16/2013 | $7,650 |
| | 10/14/2013 | $4,059 |
| | 1/15/2014 | $4,166 |
| | 4/9/2014 | $4,249 |
| **TOTAL J&L SAWYER** | | **$27,691** |
| | | |
| KEVIN KENNEDY (FORMER CFO) | | |
| REDACTED ADDRESS | | |
| | 6/28/2013 | $10,000 |
| **TOTAL KEVIN KENNEDY (FORMER CFO)** | | **$10,000** |

**Nautilus Holdings Limited**                                                                 Attachment 3c
**Case Number:  14-22885**

**Payments to creditors**

**List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders**

| Name And Address Of Creditor and Relationship To Debtor | Date of Payment | Amount Paid |
|---|---|---|
| SYNERGY MANAGEMENT SERVICES LIMITED | | |
| C/O SYNERGY MARINE LIMITED | | |
| LAPITHION TOWER, 5 DELIGIORGI STREET, 1066 NICOSIA,  CYPRUS | | |
| | 7/15/2013 | $329,480 |
| | 8/15/2013 | $329,480 |
| | 9/15/2013 | $329,480 |
| | 10/15/2013 | $329,480 |
| | 11/15/2013 | $329,480 |
| | 12/15/2013 | $329,480 |
| | 1/15/2014 | $329,480 |
| | 2/15/2014 | $166,640 |
| | 3/15/2014 | $166,640 |
| | 4/15/2014 | $166,640 |
| | 4/16/2014 | $52,286 |
| | 5/15/2014 | $166,640 |
| | 6/15/2014 | $166,640 |
| **TOTAL SYNERGY MANAGEMENT SERVICES LIMITED** | | **$3,191,846** |
| **TOTAL** | | **$5,625,203** |

**Nautilus Holdings Limited et al.**                                                      **Attachment 9**

**Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case

| Name And Address Of Payee | Date Of Payment, Name of Payer If Other Than Debtor | Amount Of Money Or Description And Value Of Property | |
|---|---|---|---|
| AP SERVICES, LLC<br>2000 TOWN CENTER SUITE 2400<br>SOUTHFIELD, MI 48075 | 4/23/2014 | RESTRUCTURING | $228,216 |
| AP SERVICES, LLC<br>2000 TOWN CENTER SUITE 2400<br>SOUTHFIELD, MI 48075 | 5/6/2014 | RESTRUCTURING | $330,000 |
| AP SERVICES, LLC<br>2000 TOWN CENTER SUITE 2400<br>SOUTHFIELD, MI 48075 | 5/6/2014 | RESTRUCTURING | $101,288 |
| AP SERVICES, LLC<br>2000 TOWN CENTER SUITE 2400<br>SOUTHFIELD, MI 48075 | 6/23/2014 | RESTRUCTURING | $569,381 |
| AP SERVICES, LLC<br>2000 TOWN CENTER SUITE 2400<br>SOUTHFIELD, MI 48075 | 4/15/2014 | RESTRUCTURING | $500,000 |
| | | **TOTAL AP SERVICES, LLC** | **$1,728,884** |
| EPIQ SYSTEMS<br>757 THIRD AVENUE, THIRD FLOOR<br>NEW YORK, NY 10017 | 5/20/2014 | RESTRUCTURING | $15,172 |
| EPIQ SYSTEMS<br>757 THIRD AVENUE, THIRD FLOOR<br>NEW YORK, NY 10017 | 4/9/2014 | RESTRUCTURING | $15,100 |
| | | **TOTAL EPIQ SYSTEMS** | **$30,272** |
| JOELE FRANK, WILKINSON BRIMMER KATCHER<br>622 THIRD AVENUE, 36TH FLOOR<br>NEW YORK, NY 10017 | 6/4/2014 | RESTRUCTURING | $30,000 |
| JOELE FRANK, WILKINSON BRIMMER KATCHER<br>622 THIRD AVENUE, 36TH FLOOR<br>NEW YORK, NY 10017 | 4/28/2014 | RESTRUCTURING | $30,000 |
| | | **TOTAL JOEL FRANK, WILKINSON BRIMMER KATCHER** | **$60,000** |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>FOUR TIMES SQUARE<br>NEW YORK, NY 10036-6522 | 6/23/2014 | RESTRUCTURING | $670,602 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>FOUR TIMES SQUARE<br>NEW YORK, NY 10036-6522 | 4/7/2014 | RESTRUCTURING | $600,000 |

**Nautilus Holdings Limited et al.**                                      **Attachment 9**

**Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case

| Name And Address Of Payee | Date Of Payment, Name of Payer If Other Than Debtor | Amount Of Money Or Description And Value Of Property | |
|---|---|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOUR TIMES SQUARE NEW YORK, NY 10036-6522 | 4/8/2014 | RESTRUCTURING | $100,000 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOUR TIMES SQUARE NEW YORK, NY 10036-6522 | 4/8/2014 | RESTRUCTURING | $25,000 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOUR TIMES SQUARE NEW YORK, NY 10036-6522 | 5/8/2014 | RESTRUCTURING | $500,000 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOUR TIMES SQUARE NEW YORK, NY 10036-6522 | 5/23/2014 | RESTRUCTURING | $539,057 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOUR TIMES SQUARE NEW YORK, NY 10036-6522 | 6/10/2014 | RESTRUCTURING | $584,767 |
| | **TOTAL SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** | | **$3,019,426** |
| | **TOTAL** | | **$4,838,582** |

Specific Notes:
Attachment 9 includes the total amount of payments related to debt counseling or bankruptcy made by all 21 Debtors.  As invoices were received payments were made by Nautilus Holdings Limited and Nautilus Holdings No. 2 Limited and the related expense was subsequently allocated to each of the 16 vessel owning Debtors based on 2013 revenue.

NAUTILUS HOLDINGS LIMITED
6/2014 Organization Structure

| LID | Legal Entity Name | Parent | Parent2 | Jurisdiction of Incorporation | Date of Incorporation | HK Tax ID No | Debtor/Non-Debtor | Location | Nature of Business |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Nautilus Holdings Limited | Shareholders - Reminiscent Ventures S.A. (49.9%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings:  ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%) | Bermuda | 10/31/2006 | | Debtor | Bermuda | Holding Company |
| 4 | Nautilus Shipholdings No. 2 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 6/6/2007 | | Debtor | Bermuda | Holding Company |
| 15 | Metropolitan Harbour Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837969 | Debtor | At Sea | Vessel |
| 16 | Golden Knighthead Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/13/2007 | 17/37826376 | Debtor | At Sea | Vessel |
| 5 | Nautilus Shipholdings No. 3 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 7/12/2007 | | Debtor | Bermuda | Holding Company |
| 17 | Perpetual Joy Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 22/38210897 | Debtor | At Sea | Vessel |
| 18 | Vivid Mind Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837935 | Debtor | At Sea | Vessel |
| 19 | Regal Stone Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 5/7/2007 | 22/37913636 | Debtor | At Sea | Vessel |
| 20 | Charming Energetic Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210936 | Debtor | At Sea | Vessel |
| 21 | Dynamic Continental Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210928 | Debtor | At Sea | Vessel |
| 2 | Nautilus Holdings No. 2 Limited | Shareholders - Reminiscent Ventures S.A. (100%) | | Bermuda | 12/17/2012 | | Debtor | Bermuda | Holding Company |
| 3 | Nautilus Shipholdings No. 1 Limited | Nautilus Holdings No. 2 Limited (100%) | | Bermuda | 12/15/2006 | | Debtor | Bermuda | Holding Company |
| 6 | Findhorn Osprey Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168075 | Debtor | At Sea | Vessel |
| 7 | Floral Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/13/2006 | 22/37154549 | Debtor | At Sea | Vessel |
| 8 | Earlstown Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/18/2006 | 22/37171898 | Debtor | At Sea | Vessel |
| 9 | Resplendent Spirit Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168114 | Debtor | At Sea | Vessel |
| 10 | Miltons Way Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 2/1/2007 | 22/37606180 | Debtor | At Sea | Vessel |
| 11 | Able Challenger Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 22/37748877 | Debtor | At Sea | Vessel |
| 12 | Magic Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460950 | Debtor | At Sea | Vessel |
| 13 | Metropolitan Vitality Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 17/37749019 | Debtor | At Sea | Vessel |
| 14 | Superior Integrity Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460934 | Debtor | At Sea | Vessel |

NAUTILUS HOLDINGS LIMITED
6/2013 - 5/2014 Organization Structure

| LID | Legal Entity Name | Parent | Parent2 | Jurisdiction of Incorporation | Date of Incorporation | HK Tax ID No | Debtor/Non-Debtor | Location | Nature of Business |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Nautilus Holdings Limited | Shareholders - GE Capital Equity Investments, Inc (39.92%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings:  ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%), Reminiscent Ventures S.A. (9.98%) | Bermuda | 10/31/2006 | | Debtor | Bermuda | Holding Company |
| 4 | Nautilus Shipholdings No. 2 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 6/6/2007 | | Debtor | Bermuda | Holding Company |
| 15 | Metropolitan Harbour Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837969 | Debtor | At Sea | Vessel |
| 16 | Golden Knighthead Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/13/2007 | 17/37826376 | Debtor | At Sea | Vessel |
| 5 | Nautilus Shipholdings No. 3 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 7/12/2007 | | Debtor | Bermuda | Holding Company |
| 17 | Perpetual Joy Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 22/38210897 | Debtor | At Sea | Vessel |
| 18 | Vivid Mind Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837935 | Debtor | At Sea | Vessel |
| 19 | Regal Stone Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 5/7/2007 | 22/37913636 | Debtor | At Sea | Vessel |
| 20 | Charming Energetic Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210936 | Debtor | At Sea | Vessel |
| 21 | Dynamic Continental Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210928 | Debtor | At Sea | Vessel |
| 2 | Nautilus Holdings No. 2 Limited | Shareholders - Reminiscent Ventures S.A. (60.08%) and GE Capital Equity Investments, Inc (39.92%) | | Bermuda | 12/17/2012 | | Debtor | Bermuda | Holding Company |
| 3 | Nautilus Shipholdings No. 1 Limited | Nautilus Holdings No. 2 Limited (100%) | | Bermuda | 12/15/2006 | | Debtor | Bermuda | Holding Company |
| 6 | Findhorn Osprey Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168075 | Debtor | At Sea | Vessel |
| 7 | Floral Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/13/2006 | 22/37154549 | Debtor | At Sea | Vessel |
| 8 | Earlstown Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/18/2006 | 22/37171898 | Debtor | At Sea | Vessel |
| 9 | Resplendent Spirit Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168114 | Debtor | At Sea | Vessel |
| 10 | Miltons Way Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 2/1/2007 | 22/37606180 | Debtor | At Sea | Vessel |
| 11 | Able Challenger Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 22/37748877 | Debtor | At Sea | Vessel |
| 12 | Magic Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460950 | Debtor | At Sea | Vessel |
| 13 | Metropolitan Vitality Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 17/37749019 | Debtor | At Sea | Vessel |
| 14 | Superior Integrity Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460934 | Debtor | At Sea | Vessel |

NAUTILUS HOLDINGS LIMITED
1/2013 - 5/2013 Organization Structure

| LID | Legal Entity Name | Parent | Parent2 | Jurisdiction of Incorporation | Date of Incorporation | HK Tax ID No | Debtor/Non-Debtor | Location | Nature of Business |
|---|---|---|---|---|---|---|---|---|---|
| 1 Nautilus Holdings Limited | | Shareholders - GE Capital Equity Investments, Inc (39.92%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings:  ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%), Reminiscent Ventures S.A. (9.98%) | Bermuda | 10/31/2006 | | Debtor | Bermuda | Holding Company |
| 4 | Nautilus Shipholdings No. 2 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 6/6/2007 | | Debtor | Bermuda | Holding Company |
| 15 | Metropolitan Harbour Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837969 | Debtor | At Sea | Vessel |
| 16 | Golden Knighthead Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/13/2007 | 17/37826376 | Debtor | At Sea | Vessel |
| 5 | Nautilus Shipholdings No. 3 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 7/12/2007 | | Debtor | Bermuda | Holding Company |
| 17 | Perpetual Joy Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 22/38210897 | Debtor | At Sea | Vessel |
| 18 | Vivid Mind Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837935 | Debtor | At Sea | Vessel |
| 19 | Regal Stone Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 5/7/2007 | 22/37913636 | Debtor | At Sea | Vessel |
| 20 | Charming Energetic Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210936 | Debtor | At Sea | Vessel |
| 21 | Dynamic Continental Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210928 | Debtor | At Sea | Vessel |
| 2 Nautilus Holdings No. 2 Limited | | Shareholders - GE Capital Equity Investments, Inc (39.92%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings:  ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%), Reminiscent Ventures S.A. (9.98%) | Bermuda | 12/17/2012 | | Debtor | Bermuda | Holding Company |
| 3 | Nautilus Shipholdings No. 1 Limited | Nautilus Holdings No. 2 Limited (100%) | | Bermuda | 12/15/2006 | | Debtor | Bermuda | Holding Company |
| 6 | Findhorn Osprey Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168075 | Debtor | At Sea | Vessel |
| 7 | Floral Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/13/2006 | 22/37154549 | Debtor | At Sea | Vessel |
| 8 | Earlstown Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/18/2006 | 22/37171898 | Debtor | At Sea | Vessel |
| 9 | Resplendent Spirit Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168114 | Debtor | At Sea | Vessel |
| 10 | Miltons Way Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 2/1/2007 | 22/37606180 | Debtor | At Sea | Vessel |
| 11 | Able Challenger Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 22/37748877 | Debtor | At Sea | Vessel |
| 12 | Magic Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460950 | Debtor | At Sea | Vessel |
| 13 | Metropolitan Vitality Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 17/37749019 | Debtor | At Sea | Vessel |
| 14 | Superior Integrity Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460934 | Debtor | At Sea | Vessel |

NAUTILUS HOLDINGS LIMITED

2008-12 Organization Structure

| LID | Legal Entity Name | Parent | Parent2 | Jurisdiction of Incorporation | Date of Incorporation | HK Tax ID No | Debtor/Non-Debtor | Location | Nature of Business |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Nautilus Holdings Limited | Shareholders - GE Capital Equity Investments, Inc (39.92%), NHL Investors (MD), Ltd. (16.19%), NHL Investors (ME), Ltd. (13.85%) | Shareholders - Less than 10% Holdings:  ELQ Investors 11 Ltd. (8.03%), Eton Park Fund, L.P. (3.97%), Eton Park Master Fund, Ltd. (8.06%), Reminiscent Ventures S.A. (9.98%) | Bermuda | 10/31/2006 | | Debtor | Bermuda | Holding Company |
| 3 | Nautilus Shipholdings No. 1 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 12/15/2006 | | Debtor | Bermuda | Holding Company |
| 6 | Findhorn Osprey Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168075 | Debtor | At Sea | Vessel |
| 7 | Floral Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/13/2006 | 22/37154549 | Debtor | At Sea | Vessel |
| 8 | Earlstown Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/18/2006 | 22/37171898 | Debtor | At Sea | Vessel |
| 9 | Resplendent Spirit Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 9/16/2006 | 22/37168114 | Debtor | At Sea | Vessel |
| 10 | Miltons Way Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 2/1/2007 | 22/37606180 | Debtor | At Sea | Vessel |
| 11 | Able Challenger Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 22/37748877 | Debtor | At Sea | Vessel |
| 12 | Magic Peninsula Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460950 | Debtor | At Sea | Vessel |
| 13 | Metropolitan Vitality Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 3/22/2007 | 17/37749019 | Debtor | At Sea | Vessel |
| 14 | Superior Integrity Limited | Nautilus Shipholdings No. 1 Limited (100%) | | Hong Kong | 12/14/2006 | 17/37460934 | Debtor | At Sea | Vessel |
| 4 | Nautilus Shipholdings No. 2 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 6/6/2007 | | Debtor | Bermuda | Holding Company |
| 15 | Metropolitan Harbour Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837969 | Debtor | At Sea | Vessel |
| 16 | Golden Knighthead Limited | Nautilus Shipholdings No. 2 Limited (100%) | | Hong Kong | 4/13/2007 | 17/37826376 | Debtor | At Sea | Vessel |
| 5 | Nautilus Shipholdings No. 3 Limited | Nautilus Holdings Limited (100%) | | Bermuda | 7/12/2007 | | Debtor | Bermuda | Holding Company |
| 17 | Perpetual Joy Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 22/38210897 | Debtor | At Sea | Vessel |
| 18 | Vivid Mind Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 4/17/2007 | 17/37837935 | Debtor | At Sea | Vessel |
| 19 | Regal Stone Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 5/7/2007 | 22/37913636 | Debtor | At Sea | Vessel |
| 20 | Charming Energetic Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210936 | Debtor | At Sea | Vessel |
| 21 | Dynamic Continental Limited | Nautilus Shipholdings No. 3 Limited (100%) | | Hong Kong | 7/23/2007 | 17/38210928 | Debtor | At Sea | Vessel |

**Nautilus Holdings Limited**                                                                    **Attachment 19a**
**Case Number:  14-22885**

**Books, records and financial statements**

List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor

| Name And Address | Dates Services Rendered |
| --- | --- |
| SYNERGY MARINE LIMITED<br>LAPITHION TOWER, 5 DELIGIORGI STREET<br>NICOSIA 1066<br>CYPRUS | 6/2012 - 6/2014 |

**Nautilus Holdings Limited**                                                                 **Attachment 19b**
**Case Number: 14-22885**

**Books, records and financial statements**

List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor

| Name | Address | Dates Services Rendered |
|---|---|---|
| SYNERGY MARINE LIMITED | LAPITHION TOWER, 5 DELIGIORGI STREET<br>NICOSIA 1066<br>CYPRUS | 6/2012 - 6/2014 |
| DELOITTE & TOUCHE LLP | MAXIMOS PLAZA, TOWER 1, 3RD FLOOR, 213<br>ARCH. MAKARIOU III AVENUE<br>LIMASSOL 3105<br>CYPRUS | 6/2012 - 6/2014 |

**Nautilus Holdings Limited**                                                                    **Attachment 19c**
**Case Number:  14-22885**

**Books, records and financial statements**

List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

| Name | Address |
| --- | --- |
| SYNERGY MARINE LIMITED | LAPITHION TOWER, 5 DELIGIORGI STREET<br>NICOSIA 1066<br>CYPRUS |

**Nautilus Holdings Limited**                                                          **Attachment 21b**
**Case Number:  14-22885**

**Current Partners, Officers, Directors and Shareholders**

If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| Name And Address | Title | Nature And Percentage Of Stock Ownership | |
|---|---|---|---|
| J&L SAWYER<br>C/O MARINE CAPITAL AND FINANCE<br>1 NORTH FRITH PARK<br>TN11 9QW HADLOW KENT, UK | INDEPENDENT MEMBER | | 0.00% |
| NHL INVESTORS (ME), LTD.<br>WALKER HOUSE<br>87 MARY STREET, GEORGE TOWN<br>GRAND CAYMAN  KY1-9001<br>CAYMAN ISLANDS | OWNER | CLASS C | 13.85% |
| NHL INVESTORS (MD), LTD.<br>WALKER HOUSE<br>87 MARY STREET, GEORGE TOWN<br>GRAND CAYMAN  KY1-9001<br>CAYMAN ISLANDS | OWNER | CLASS C | 16.19% |
| ETON PARK MASTER FUND, LTD.<br>C/O CITCO FUND SERVICES (CAYMAN ISLANDS) LTD.<br>89 NEXIS WAY<br>GRAND CAYMAN KY1-1205<br>CAYMAN ISLANDS | OWNER | CLASS C | 8.03% |
| ETON PARK FUND, L.P.<br>C/O NATIONAL CORPORATE RESEARCH, LTD.<br>615 SOUTH DUPONT HIGHWAY<br>DOVER, DE 19901 | OWNER | CLASS C | 3.97% |
| ELQ INVESTORS 11 LTD.<br>C/O GOLDMAN SACHS INTERNATIONAL<br>PETERBOROUGH COURT, 133 FLEET STREET<br>LONDON EC4A 2BB | OWNER | CLASS C | 8.03% |
| REMINISCENT VENTURES S.A.<br>80 BROAD ST<br>MONROVIA<br>LIBERIA | OWNER | CLASS A | 49.90% |
| JAMES A MESTERHARM<br>C/O AP SERVICES, LLC<br>2000 TOWN CENTER, SUITE 2400<br>SOUTHFIELD, MI 48075 | CHIEF RESTRUCTURING OFFICER | | 0.00% |
| ROBIN DAS<br>C/O AULD PARTNERS LTD<br>17 CAVENDISH SQUARE<br>LONDON W1G OPH | CHIEF FINANCIAL OFFICER | | 0.00% |
| APPLEBY SERVICES (BERMUDA) LTD.<br>22 VICTORIA STREET<br>HAMILTON HMEX<br>BERMUDA | SECRETARY | | 0.00% |

**Nautilus Holdings Limited**                                                                                                    **Attachment 21b**
**Case Number:  14-22885**

**Current Partners, Officers, Directors and Shareholders**

If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| Name And Address | Title | Nature And Percentage Of Stock Ownership |
|---|---|---|
| PANAYIOTIS EVANGELOU<br>REDACTED ADDRESS | CORPORATE TREASURER | 0.00% |
| ALASTAIR HUGH FARLEY<br>REDACTED ADDRESS | DIRECTOR (INDEPENDENT NON-EXECUTIVE) / DEPUTY CHAIRMAN | 0.00% |
| ANDREAS PAPATHOMAS<br>REDACTED ADDRESS | DIRECTOR (CLASS A) / CHAIRMAN OF THE BOARD / CHIEF EXECUTIVE OFFICER | 0.00% |
| ALAN CARR<br>C/O DRIVETRAIN<br>630 THIRD AVENUE, 21ST FLOOR<br>10017 NEW YORK, NY | DIRECTOR | 0.00% |

**Specific Notes**

Any officer or director listed holding 0% of shares may be a beneficial shareholder through another owner. For indirect ownership, please refer to SOFA 18a.

**Nautilus Holdings Limited**                                          **Case Number:  14-22885**


# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS


### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.



**Date:** _____ August 6, 2014 _____          **Signature:**  /s/ James A. Mesterharm _____


                                                      James A. Mesterharm, Chief Restructuring Officer
                                                      **Name and Title**


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*